UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

VALVETECH, INC.,

                            Plaintiff,            Case # 17-CV-6788-FPG

v.

                                                DECISION AND ORDER

AEROJET ROCKETDYNE, INC.,

                            Defendant.

## INTRODUCTION

On September 28, 2018, the Court entered a Decision and Order dismissing several claims from Plaintiff ValveTech, Inc.'s Complaint against Defendant Aerojet Rocketdyne, Inc. ECF No. 25. By Stipulation and Order, the parties later agreed that ValveTech would file an Amended Complaint, which it did on January 4, 2019. ECF Nos. 46-48.

The Amended Complaint contains six claims: one for breach of contract, two for trade secret misappropriation (one under federal law and one under California law), two for unfair competition (one under California common law and one under California statutory law), and replevin.[1] ECF No. 48.

Aerojet now moves to dismiss the first through fifth claims of the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and to seal its memorandum of law in support of the motion.[2] ECF Nos. 49, 51.

---

[1] In its prior Decision and Order, the Court determined that California law applies to all of ValveTech's claims except its replevin claim, to which New York law applies, and that its replevin claim was properly pled and not subject to dismissal. ECF No. 25 at 4-8, 13.

[2] ValveTech does not oppose the motion to seal; many documents have been sealed in this case because they relate to ValveTech's proprietary information.

1

For the reasons that follow, the Motion to Dismiss is GRANTED IN PART and DENIED IN PART and the Motion to Seal is GRANTED.

**BACKGROUND**

ValveTech engineers, designs, develops, and manufactures valves for use in aerospace manufacturing. ECF No. 48 ¶ 20. In 2013, ValveTech contracted with Aerojet to test, integrate, analyze, and manufacture valves for Aerojet's use in an Orbital Maneuver and Control Program. *Id.* ¶ 21.

As part of their business relationship, the parties executed two non-disclosure agreements (NDAs)—one on August 31, 2011 and one on May 17, 2017—in which they agreed that all proprietary information ValveTech provided to Aerojet would remain ValveTech's property and would be returned to it or destroyed at its request. *Id.* ¶ 23-24. Aerojet also agreed not to use ValveTech's proprietary information for any other business purpose and that it would not steal the internal valve design. *Id.* ¶ 25. The NDAs were created to facilitate discussion between the parties regarding ValveTech's valve development process. *See id.* ¶ 23.

Under a purchase order executed in 2013, ValveTech was to provide the valves to Aerojet; but Aerojet did not purchase ValveTech's proprietary information or a license to use that information. *See id.* ¶ 29-35. ValveTech eventually gave Aerojet the valves and related testing results. *See id.* ¶ 36. In response, Aerojet informed ValveTech on July 17, 2017, that it was terminating their business relationship and would develop the requisite valves internally. *See id.* ¶ 40.

ValveTech thus asked Aerojet to return its proprietary information. *See id.* ¶ 44. Aerojet refused, used ValveTech's proprietary information to develop its own valves, and shared the information with third parties. *See id.* ¶ 44-50. This lawsuit followed.

**LEGAL STANDARD**

A complaint survives a motion to dismiss under Rule 12(b)(6) when it states a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). A claim for relief is plausible when the plaintiff pleads sufficient facts that allow a court to draw reasonable inferences that the defendant is liable for the alleged conduct. *Iqbal*, 556 U.S. at 678.

In considering the plausibility of a claim, the court accepts factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). At the same time, the court does not have to accord "[l]egal conclusions, deductions, or opinions couched as factual allegations . . . a presumption of truthfulness." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (quotation marks omitted).

When deciding a Rule 12(b)(6) motion, a court ordinarily may not rely on matters outside the complaint unless it treats the motion as one for summary judgment under Rule 56 and gives the parties a reasonable opportunity to present relevant evidence.[3] Fed. R. Civ. P. 12(d). However, "the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference. Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document 'integral' to the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002) (quotation marks and citations omitted).

---

[3] ValveTech attached numerous exhibits to its Amended Complaint, including the purchase order and NDAs that Aerojet allegedly breached.

# DISCUSSION

## I. First Claim: Breach of Contract

ValveTech alleges that Aerojet breached three agreements: the 2013 purchase order and the 2011 and 2017 NDAs. To state a breach of contract claim under California law, "a plaintiff must plead the contract, plaintiffs' performance (or excuse for nonperformance), defendant's breach, and damage to plaintiff therefrom." *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1028 (N.D. Cal. 2012) (citation omitted). As to damages, a plaintiff "must establish appreciable and actual damage. Nominal damages, speculative harm, or threat of future harm do not suffice to show legally cognizable injury." *Id.* (quotation marks and citations omitted).

The parties expend an inordinate amount of effort briefing this claim and delving into issues that go beyond the motion to dismiss standard. ValveTech's breach of contract claim fails for a simple reason: it has not pled actual damages resulting from Aerojet's alleged breach of any of the three agreements. Instead, it generally alleges that it "has been damaged, and continues to be damaged in an amount to be determined at trial." ECF No. 48 ¶ 82. As discussed above, California law requires a plaintiff to plead appreciable and actual damage to show a legally cognizable injury—ValveTech has not done so here.

In an attempt to save this claim, ValveTech points to the following allegations of the Amended Complaint:

- that Aerojet's actions jeopardize the viability of its family business and the livelihood of its employees, *id.* ¶ 18;

- that it "bore the cost and risks associated with the valves" and developed them "using solely ValveTech funds," *id.* ¶¶ 21-22;

- that Aerojet did not pay to purchase or license ValveTech's proprietary information, *id.* ¶¶ 45, 49; and

- that its trade secrets and proprietary information "derive independent economic value from not being generally known, and not being readily ascertainable through proper means," *id.* ¶ 53.

But these allegations are merely speculative or contemplate a threat of future harm; moreover, ValveTech does not allege how they stem from Aerojet's alleged breach of any of the three agreements.

ValveTech also argues that, because the Amended Complaint includes the purchase order it "would have been paid under" but for Aerojet's breach, the Amended Complaint identifies money that ValveTech did not receive. ECF No. 56 at 11. In making this assertion, ValveTech does not point to any specific portion of the purchase order or cite a monetary figure. But, even if it had, ValveTech still has not *alleged* actual damage as a result of Aerojet's actions.

ValveTech also points to the conclusion of its Amended Complaint, which seeks an accounting for all profits Aerojet obtained due to its breach of the agreements and a return of that money to ValveTech. ECF No. 56 at 11; ECF No. 48 at 25. But any such figures are entirely speculative and do not amount to an allegation of actual damages.

Accordingly, because ValveTech has not pled actual damage resulting from Aerojet's alleged breach of any contract, Aerojet's motion to dismiss as to ValveTech's breach of contract claim is GRANTED and that claim is DISMISSED.

## II. Second and Third Claims: Trade Secret Misappropriation

ValveTech's second and third claims are for trade secret misappropriation: it brings one claim under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1839, *et seq.*, and one under the California Uniform Trade Secrets Act ("CUTSA"), Cal. Civ. Code § 3426.1, *et seq.*

> The elements of a misappropriation of trade secrets claim under [DTSA] and [CUTSA] are essentially the same. Under either statute, the owner of "information" that the owner has made "reasonable" efforts to keep secret and which derives

5

independent economic value from not being generally known to other persons, must show the defendant's wrongful acquisition, disclosure, or use thereof.

*Becton, Dickinson & Co. v. Cytek Biosciences Inc.*, No. 18-CV-00933-MMC, 2018 WL 2298500, at *2 (N.D. Cal. May 21, 2018) (quotation marks, alterations, and citations omitted).

To plead such a claim, "a plaintiff need not spell out the details of the trade secret on which its claim is based," but the plaintiff nonetheless has to "describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special knowledge of those persons skilled in the trade." *Id.* at *3 (quotation marks and citations omitted).

The Court finds that ValveTech has sufficiently pled the requisite facts to state a claim for trade secret misappropriation under federal and California law. Specifically, ValveTech alleges that its trade secrets "consist of its unique and innovative concepts and designs of specialty valves for use in rocket engines" and that it derives independent economic value from those secrets not being generally known. ECF No. 48 ¶¶ 53, 88, 98, 113, 123.

ValveTech describes its alleged trade secrets in greater detail in a separate Trade Secret Disclosure statement that it filed under seal and incorporated into its Amended Complaint by reference.[4] As an exhibit to that statement, ValveTech attached a list of numerous documents in Aerojet's possession that allegedly contain ValveTech's trade secret information.

Among other things, the four-page Trade Secret Disclosure statement specifically describes the valve and refers to its design and configuration process, unique poppet valve configuration, and unique sealing technique.[5] In the attached exhibit, ValveTech provides a 33-

---

[4] Although ValveTech submitted the Trade Secret Disclosure statement for sealed filing, it appears that it was never entered on the docket. Accordingly, the Court will direct the Clerk of Court to file this document under seal.

[5] The Court does not quote or otherwise describe the items set forth in the Trade Secret Disclosure statement so as to maintain the confidentiality of that information.

page list of documents that Aerojet has with ValveTech's trade secret information and describes each file by providing its name, a description of its contents, and the date and time it was last modified.

Aerojet vigorously contends that ValveTech has not sufficiently identified its purported trade secrets; however, based on all of the above, the Court finds that ValveTech has alleged its trade secrets with sufficient particularity such that Aerojet can "ascertain at least the boundaries within which the secret lies." *Alta Devices, Inc. v. LG Elecs., Inc.*, 343 F. Supp. 3d 868, 881 (N.D. Cal. 2018) (citation omitted).

ValveTech also alleges that it made reasonable efforts to keep the above information secret. It asserts that its NDA with Aerojet prohibited the release of ValveTech's designs and other proprietary information, required Aerojet to return such information to ValveTech upon termination of their relationship, and enabled ValveTech to share information with Aerojet related to its valve design, development, engineering, and analysis. ECF No. 48 ¶¶ 28, 30, 35, 97, 99, 122, 124. ValveTech also alleges that it "repeatedly insisted" that Aerojet maintain the confidentiality of the information it learned through their business relationship. *Id.* ¶¶ 100, 125. Moreover, to maintain the secrecy of its valve design, ValveTech welded the outer cover of the valves before giving them to Aerojet to hide the internal design and marked related records with confidential and/or proprietary stamps. *Id.* ¶¶ 33-34.

Based on all of the steps taken, the Court finds that ValveTech made reasonable efforts to maintain the secrecy of its trade secrets. *See, e.g.*, *Bal Seal Eng'g, Inc. v. Nelson Prod., Inc.*, No. 813CV01880JLSKESX, 2018 WL 4697255, at *6 (C.D. Cal. Aug. 3, 2018) (noting that "the combination of the proprietary stamp, the terms of conditions of sale, and the use of NDAs in most cases could lead a reasonable factfinder to conclude that [the plaintiff] took reasonable efforts to

maintain the secrecy of the documents"); *Gatan, Inc. v. Nion Co.*, No. 15-CV-01862-PJH, 2017 WL 1196819, at *6 (N.D. Cal. Mar. 31, 2017) (finding misappropriation allegations sufficient where the plaintiff alleged that it had an NDA with the defendant who had a duty to maintain confidentiality of the trade secrets, yet the defendant "built upon or modified" the trade secrets to develop its own technology).

Finally, ValveTech adequately pled Aerojet's wrongful acquisition, disclosure, or use of its trade secrets. ValveTech alleges that, after Aerojet terminated the relationship and told ValveTech it would design the valve internally, ValveTech asked Aerojet to return its proprietary information in accordance with the terms of the purchase order and NDAs. ECF No. 48 ¶¶ 40, 44. Among other things, ValveTech asked Aerojet to return "schematics, research and development information, sketches, prototypes, data, exemplars, designs, drawings, and any other information that was treated or designated as proprietary in accordance with the NDA." *Id.* ¶ 44. But Aerojet refused to return that information.

ValveTech alleges that, as a result, at least one Aerojet employee had access to ValveTech's trade secrets to work on the independent valve design; Aerojet maintained and used ValveTech's trade secrets at least five months beyond the termination of their contract; Aerojet continues to use the trade secrets to develop its own valve; and Aerojet has shared and continues to share its trade secrets with third parties. *Id.* ¶¶ 47-50.

Aerojet asserts that ValveTech has not properly alleged its wrongful acquisition, disclosure, or use of any trade secrets, but ValveTech is not required to "plead exactly" how Aerojet improperly obtained or used the alleged trade secrets. *Autodesk, Inc. v. ZWCAD Software Co.*, No. 5:14-CV-01409-EJD, 2015 WL 2265479, at *6 (N.D. Cal. May 13, 2015) (quotation marks, alterations, and citation omitted). Because there has been no discovery yet, "it would be

unreasonable to require" ValveTech to demonstrate "the precise ways" that Aerojet may have used its trade secrets since Aerojet is the only one who has that information at this time. *Id.* (citation omitted).

Accordingly, for all the reasons stated, the Court DENIES Aerojet's motion to dismiss as to ValveTech's trade secret misappropriation claims.

### III. Fourth and Fifth Claims: Unfair Competition

ValveTech's fourth and fifth claims are for unfair competition: it brings one claim under California common law and one under statutory law, Cal. Bus. & Prof. Code § 17200. The Court previously dismissed these claims because it found them to be based on the same nucleus of facts as ValveTech's trade secret misappropriation claims and therefore preempted by CUTSA. The Court makes the same finding with respect to the claims set forth in the Amended Complaint.

"CUTSA occupies the field of common law claims based on the misappropriation of a trade secret and preempts alternative civil remedies based on trade secret misappropriation." *Jun-En Enter. v. Lin*, No. CV 12-2734 PSG (SSX), 2012 WL 12886499, at *4 (C.D. Cal. Oct. 17, 2012) (quotation marks and citation omitted). "To overcome CUTSA's supersessive effect, a claim must be based on more than the same nucleus of facts as the misappropriation of trade secrets claim for relief. However, a claim based on the same nucleus of facts as the trade secret claim cannot escape preemption merely because it alleges new facts, different damages, or a different theory of liability." *Id.* (quotation marks, alterations, and citations omitted).

Here, ValveTech attempts to save these claims by arguing that Aerojet deceived customers by "passing off" ValveTech's design as its own independent design. ECF No. 56 at 22-24. But these new facts and different theory of liability do not change the core basis of ValveTech's allegations: that Aerojet is harming ValveTech by using and refusing to return or destroy

ValveTech's proprietary information. Specifically, in support of its unfair competition claims, ValveTech alleges that Aerojet unlawfully used its proprietary information to create a variant or derivative of ValveTech's valve. ECF No. 48 ¶¶ 135, 137, 143. Similarly, in support of its trade secret misappropriation claims, ValveTech alleges that Aerojet had "no rights to derive any technology using ValveTech's confidential information" and that it has used those trade secrets to damage ValveTech and gain a competitive advantage. *Id.* ¶¶ 101, 103, 105, 126, 128, 130.

ValveTech also alleges that one of Aerojet's employees had access to ValveTech's trade secrets and worked on Aerojet's independent design. *Id.* ¶ 47. It further contends that Aerojet continues to use its proprietary information to develop its independent design. *Id.* ¶ 49. Thus, the allegation that Aerojet copied and then passed off ValveTech's design as its own necessarily depends on Aerojet's misuse of ValveTech's trade secrets, and therefore CUTSA preempts its unfair competition claims. *Jun-En Enter.*, 2012 WL 12886499, at *4 ("To the extent Defendants used proprietary information that Plaintiffs have identified as trade secrets to divert customers away from Plaintiffs, Plaintiffs' common law claims[, including unfair competition,] are based on the same nucleus of facts as Plaintiffs' trade secret misappropriation claim and are, thus, superseded by CUTSA.").

Accordingly, for the reasons stated, Aerojet's motion to dismiss as to ValveTech's unfair competition claims is GRANTED and those claims are DISMISSED.

**CONCLUSION**

Aerojet's Motion to Dismiss (ECF No. 51) is GRANTED IN PART and DENIED IN PART and its Motion to Seal (ECF No. 49) is GRANTED. The Clerk of Court will file the unredacted version of Aerojet's memorandum of law in support of its Motion to Dismiss and ValveTech's Trade Secret Disclosure statement under seal.

The following claims remain in this case: (1) trade secret misappropriation under federal law; (2) trade secret misappropriation under California law; and (3) replevin. All other claims are DISMISSED.

IT IS SO ORDERED.

Dated: September 26, 2019
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court