# EXHIBIT A

| | |
|---|---|
| **From:** | Eisenberg, Michael B. on behalf of Eisenberg, Michael B. <Michael.Eisenberg@stevenslee.com> |
| **To:** | Esterhay, John (SDO); Patariu, Kevin (SDO) |
| **Cc:** | Anania, Mark H. |
| **Subject:** | RE: Potential Agreement re: disclosures |
| **Date:** | Friday, September 8, 2023 12:20:01 PM |

On the designation issue, I think that should be doable. I will consider the disclosure timing offer.

**Michael Eisenberg**
Shareholder

**Stevens & Lee**
485 Madison Avenue, 20th Fl.
New York, NY 10022
Office: 646-254-6381
Mobile: 917-693-9430
michael.eisenberg@stevenslee.com

**From:** Esterhay, John (SDO) <JEsterhay@perkinscoie.com>
**Sent:** Friday, September 8, 2023 3:18 PM
**To:** Eisenberg, Michael B. <Michael.Eisenberg@stevenslee.com>; Patariu, Kevin (SDO) <KPatariu@perkinscoie.com>
**Cc:** Anania, Mark H. <Mark.Anania@stevenslee.com>
**Subject:** RE: Potential Agreement re: disclosures

Mr. Eisenberg,

Thank you for your e-mail.  I'll respond separately to the settlement discussion portion of your e-mail to keep that on a separate thread.  Regarding the exhibit/demonstrative disclosures, we cannot agree to disclosures two days before for the reasons I previously explained.  However, we are willing to adjust the times an hour earlier to 5pm / 7pm / 8pm.  Let me know if that's acceptable (I do note that if we cannot come to agreement here, there is no pre-disclosure requirement in the Court's pretrial order or the local rules).

We will review your new exhibits and reserve all rights to respond appropriately, including with all applicable objections.

Finally, there's one other item I wanted to raise, which is deposition designations (and objections to them) in light of the Court's Local Rule 30(c)(4).  As we've previously discussed, that local rule requires objections to video deposition designations to be raised as a motion *in limine* for which the Court's Pretrial Order reset the deadline to October 4.  Before the parties raise those to the Court, we think it would be helpful to have a round of narrowing designations and objections.  So I would like to propose the parties exchange narrowed deposition designations on September 22 (nothing can be added), and then narrowed objections to the revised designations (again, nothing can be added) on September 29.  That would put the parties in a position to hopefully raise fewer disputes

to the Court in the October 4 filing.  Please let me know if that's acceptable to Aerojet Rocketdyne.

Best regards,

**John Esterhay** | **Perkins Coie LLP**
PARTNER
11452 El Camino Real, Suite 300
San Diego, CA 92130-2080
D. +1.858.720.5758
F. +1.858.720.5858
E. JEsterhay@perkinscoie.com

---

**From:** Eisenberg, Michael B. <Michael.Eisenberg@stevenslee.com>
**Sent:** Thursday, September 7, 2023 7:17 AM
**To:** Esterhay, John (SDO) <JEsterhay@perkinscoie.com>; Patariu, Kevin (SDO) <KPatariu@perkinscoie.com>
**Cc:** Anania, Mark H. <Mark.Anania@stevenslee.com>
**Subject:** RE: Potential Agreement re: disclosures

John and Kevin:

As we start moving toward trial again, I wanted to reopen discussions on a few items.

First, I still think disclosures two days before a witness takes the stand will lead to a more manageable trial, especially given the fact that we will be doing half-days rather than full days.

Second, I have added a few more exhibits (I believe 16 in total) in the attached revised exhibit list. Most were already on your list, but I was hoping we could narrow down our lists at some point, and wanted to ensure those stayed on.

Finally, as you may have seen, Aerojet Rocketdyne was recently involved in a transaction with L3Harris. I don't believe that directly alters anything in this litigation, but may be an opening to see if there is an opportunity for additional settlement discussions. Also, with the SJ and MIL decisions now in the past, both sides probably have a better picture of the merits. Please let me know if ValveTech has any interest in opening discussions.

**Michael Eisenberg**
Shareholder

**Stevens & Lee**
485 Madison Avenue, 20th Fl.
New York, NY 10022
Office: 646-254-6381
Mobile: 917-693-9430
michael.eisenberg@stevenslee.com

---

**From:** Esterhay, John (SDO) <JEsterhay@perkinscoie.com>

**Sent:** Wednesday, May 10, 2023 3:49 PM
**To:** Eisenberg, Michael B. <Michael.Eisenberg@stevenslee.com>; Patariu, Kevin (SDO) <KPatariu@perkinscoie.com>
**Cc:** Anania, Mark H. <Mark.Anania@stevenslee.com>
**Subject:** RE: Potential Agreement re: disclosures

Mr. Eisenberg,

Thank you for preparing this. After further consultation with our local counsel and review of the Court rules, we do not think that objections to deposition designations should be deferred from the Court's requirement of providing them this Monday, as contemplated by the Court's Pretrial Order and the Court's order on the filing of objections to the use of video depositions. (ECF No. 215.) So we would not include depositions designations as part of this agreement, and plan to serve our objections on Monday.

Also, the remaining portions of this agreement are not currently addressed by any Court orders or local rules so we do not believe it is necessary to inform the Court about our proposed agreements at this time. Regardless, we can agree to the two-day prior exchange of opening demonstratives with a tweak to the times, but maintain that exhibits and expert demonstratives should be exchanged the night before. As a result I've edited the times of your proposal below (the language of which was otherwise ok). Please confirm whether the following is acceptable:

1. Slides to be used during opening statements:
    a. each party must disclose any slides and animations it intends to use during opening statements by 3:00 pm two days prior to the start of trial, thereafter only typographical corrections or changes to address objections will be permitted;
    b. each party may disclose any objections to the opposing party's disclosure by 12:00 pm the day prior to the start of trial;
    c. the parties will meet and confer by 3:00 pm the day the objections are served, with the objecting party providing a brief letter notice to the Court thereafter identifying any disputes that it intends to raise.
2. Exhibits to be entered into evidence during the direct testimony of that party's own witness:
    a. each party must provide a list of exhibits that it intends to enter into evidence through a witness (fact or expert) by 6:00 pm on the day before that witness is to take the stand;
    b. the opposing party may disclose any objections to the admissibility of the identified exhibits by 8:00 pm that day;
    c. the parties will meet and confer by 9:00 pm the day the objections are served, with the objecting party providing a brief letter notice to the Court thereafter identifying any disputes that it intends to raise.
3. Demonstratives:

    a. each party must disclose any demonstratives (including slides and animations) that it intends to use for the first time during the testimony of a witness by 6:00 pm on the day before that witness is to take the stand;

    b. the opposing party may disclose any objections to the demonstratives by 8:00 pm that day;

    c. the parties will meet and confer by 9:00 pm the day the objections are served, with the objecting party providing a brief letter notice to the Court thereafter identifying any disputes that it intends to raise.

Thank you,

**John Esterhay | Perkins Coie LLP**
PARTNER
11452 El Camino Real, Suite 300
San Diego, CA 92130-2080
D. +1.858.720.5758
F. +1.858.720.5858
E. JEsterhay@perkinscoie.com

---

**From:** Eisenberg, Michael B. <Michael.Eisenberg@stevenslee.com>
**Sent:** Wednesday, May 10, 2023 11:40 AM
**To:** Patariu, Kevin (SDO) <KPatariu@perkinscoie.com>; Esterhay, John (SDO) <JEsterhay@perkinscoie.com>
**Cc:** Anania, Mark H. <Mark.Anania@stevenslee.com>
**Subject:** Potential Agreement re: disclosures

Here is what I was thinking. I believe it is important that we include two days lead time. Maybe we should discuss how your alternative would work.

Dear Judge Geraci:

I write on behalf of both parties to jointly propose a procedure to address certain disclosures and objections prior to and during trial. The parties have now disclosed deposition designations and document lists, and will also be required at some point to disclose opening presentations and demonstrative. Although the current order does not set specific dates for resolution of any disputes that may arise with respect to the foregoing, the parties believe the following procedure would be in the best interests of both parties and the Court:

1. Slides to be used during opening statements:
    a. each party must disclose any slides and animations it intends to use during opening statements by 3:00 pm two days prior to the start of trial, thereafter only typographical corrections or changes to address objections will be permitted;
    b. each party may disclose any objections to the opposing party's disclosure by 3:00 pm the day prior to the start of trial;
    c. the parties will meet and confer by 6:00 pm the day the objections are

> served, with the objecting party providing a brief letter notice to the Court thereafter identifying any disputes that it intends to raise.

2. Exhibits to be entered into evidence during the direct testimony of that party's own witness:

    a. each party must provide a list of exhibits that it intends to enter into evidence through a witness (fact or expert) by 6:00 pm at least two days before that witness is to take the stand;

    b. the opposing party may disclose any objections to the admissibility of the identified exhibits by 6:00 pm the following day;

    c. the parties will meet and confer by 7:00 pm the day the objections are served, with the objecting party providing a brief letter notice to the Court thereafter identifying any disputes that it intends to raise.

3. Demonstratives:

    a. each party must disclose any demonstratives (including slides and animations) that it intends to use for the first time during the testimony of a witness by 6:00 pm at least two days before that witness is to take the stand;

    b. the opposing party may disclose any objections to the demonstratives by 6:00 pm the following day;

    c. the parties will meet and confer by 7:00 pm the day the objections are served, with the objecting party providing a brief letter notice to the Court thereafter identifying any disputes that it intends to raise.

4. Deposition designations

    a. each party must provide a list deposition designations comprised of page and line numbers that the party intends to play or read into the record by 6:00 pm at least two days before that witness is to take the stand, thereafter only typographical corrections or changes to address objections will be permitted;

    b. the opposing party may disclose any objections to the designated testimony and provide any counter-designations thereto by 6:00 pm the following day;

    c. the parties will meet and confer by 7:00 pm the day the objections and counter-designations are served, with the objecting party providing a brief letter notice to the Court thereafter identifying any disputes that it intends to raise.

The parties thank the Court in advance for its consideration of this proposed joint request.

**Michael Eisenberg**
Shareholder

**Stevens & Lee**
485 Madison Avenue, 20th Fl.
New York, NY 10022
Office: 646-254-6381

Mobile: 917-693-9430

michael.eisenberg@stevenslee.com

---

This email may contain privileged and confidential information and is solely for the use of the sender's intended recipient(s). If you received this email in error, please notify the sender by reply email and delete all copies and attachments. Thank you.

---

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

---

This email may contain privileged and confidential information and is solely for the use of the sender's intended recipient(s). If you received this email in error, please notify the sender by reply email and delete all copies and attachments. Thank you.

---

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

---

This email may contain privileged and confidential information and is solely for the use of the sender's intended recipient(s). If you received this email in error, please notify the sender by reply email and delete all copies and attachments. Thank you.