

144 Exchange Boulevard, Suite 400
Rochester, NY 14614 | 585.262.5130

vaheylaw.com

LAURIE A. VAHEY, ESQ., MANAGING MEMBER
WRITER'S TELEPHONE NUMBER: (585) 262-5130
FAX: (585) 262-3474
E-mail: lvahey@vaheylaw.com

October 20, 2023

**VIA ECF**
Honorable Frank P. Geraci, Jr.
United States District Judge
U.S. Courthouse
100 State Street,
Rochester, New York 14614

   **Re:** *Valvetech, Inc. v. Aerojet Rocketdyne, Inc.*
      <u>**Case No.: 6:17-cv-06788-FPG-JWF**</u>

Dear Judge Geraci:

  As you know, we are co-counsel with Perkins Coie LLP and represent Plaintiff ValveTech, Inc. ("ValveTech") in the above-referenced matter. We write to provide a status update on the parties' efforts with respect to Plaintiff's Motion *in Limine* Submitting All Unresolved Objections to Video Deposition Testimony Pursuant To Local Rule 30(c)(4). *See* Dkt. 303.

  As a preliminary matter, it is important to note that Valvetech initially designated deposition testimony for trial, totaling 15 hours, 43 minutes, and 49 seconds in length. After Aerojet's initial objections, ValveTech made substantial reductions. Specifically, ValveTech reduced its designations from 15 hours to only 3 and a half hours in length.[1] Said another way, ValveTech already reduced its designated deposition testimony by 78%. Despite the substantial reductions by ValveTech, Aerojet continued to object to 95.8% of ValveTech's remaining designations. Aerojet's objections essentially result in precluding all testimony from nine witnesses who were deposed in this case.[2]

  Since the October 16, 2023 pre-trial conference, in accordance with this Court's direction, the parties have attempted to work through Aerojet's voluminous objections in order to determine whether the objections may be narrowed. To this end, the parties met in person, exchanged dozens of communications, and participated in a virtual meet and confer. The parties also discussed potential revisions and stipulations to obviate the objections.

---

[1] In contrast, Defendant has designated 8 hours and 38 minutes of deposition testimony.

[2] It is noteworthy that Defendant previously filed a motion for a protective order, seeking to prevent the depositions of five of the nine witnesses in their entirety at issue here, and Defendant's motion was denied. *See ValveTech, Inc. v. Aerojet Rocketdyne, Inc.*, No. 17-CV-6788-FPG-MJP, 2020 WL 6120348, at *5 (W.D.N.Y. Oct. 16, 2020) ("the Court finds that the five individuals at issue may be in possession of unique information relevant to Plaintiff's claims").

Honorable Frank P. Geraci, Jr.
October 20, 2023
Page 2

However, despite substantial of back and forth, the parties have made limited progress. Aerojet provided additional explanation for its objections for only four out of the nine witnesses. And Aerojet agreed to withdraw only 39 objections. Thus, Aerojet has maintained its objections to 523 out of 585 designations (i.e., 89% of the designated testimony).

Nonetheless, in an effort to make continued progress, the parties attempted to group some of the objections by category. For one category (the "F.V." category), Aerojet objected on the basis of relevancy. ValveTech provided its basis and explanation why the certain testimony was relevant. Aerojet rejected ValveTech's basis and explanation, resulting in an impasse on this category. Accordingly, it is clear that the parties and counsel have differing opinions on the relevancy of certain testimony here, and this has hindered the parties' efforts because the vast majority of Aerojet's objections are relevancy objections under Fed. R. Evid. 401 and 403. ValveTech's efforts to explain its grounds for relevancy have so far been rejected by Aerojet, and it is a matter of futility where Aerojet has made clear that it will not be persuaded.

With respect to the issue of use of deposition testimony where certain witnesses may be available live, ValveTech provided Aerojet on point caselaw supporting its position. Specifically, District Courts in the Second Circuit have expressly held that Rule 32(a) "permits a party to introduce, as part of his [or her] substantive proof, the deposition of his [or her] adversary, and it is quite immaterial that the adversity is available to testify at the trial or has testified there." *Keawsri v. Ramen-Ya Inc.*, No. 17-CV-2406 (LJL), 2022 WL 2391692, at *1 (S.D.N.Y. July 1, 2022) (internal quotation marks omitted); *see also Capitol Recs., Inc. v. MP3tunes, LLC*, 2014 WL 503959, at *16 (S.D.N.Y. Jan. 29, 2014) (rejecting argument that deposition excepts should be precluded because witness would be testifying live); *Redd v. New York State Div. of Parole*, 923 F. Supp. 2d 393, 408 (E.D.N.Y. 2013) ("the court has discretion to exclude parts of the deposition that are unnecessarily repetitious in relation to the testimony of the party on the stand, it may not refuse to allow the deposition to be used merely because the party is available to testify in person"). Further, Rule 32(a)(3) specifically states that "[a]n adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)." The witnesses from Aerojet qualify for admission. Accordingly, ValveTech submits that Aerojet's objection has no merit. Notably, the over 8 hours of designated testimony to be used by Aerojet is for witnesses who will be live at trial. This demonstrates that its objection rings hollow.

As set forth in its motion papers, (Dkt. 303), Valvetech submits that Aerojet's objections are without merit. The relevance standard is a "very low standard." *United States v. Al-Moayad*, 545 F.3d 139, 176 (2d Cir. 2008). "Evidence is relevant if: (a) it has *any* tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "[S]o long as a chain of inferences leads the trier of fact to conclude that the proffered submission affects the mix of material information, the evidence cannot be excluded at the threshold relevance inquiry." *United States v. Moses*, 565 F. Supp. 3d 394, 399 (W.D.N.Y. 2021) (internal quotation marks omitted).

Honorable Frank P. Geraci, Jr.
October 20, 2023
Page 3

Aerojet's feigned claims of irrelevancy of almost all deposition testimony is not a basis for the wholesale preclusion of probative testimony of nine witnesses. *See Bonta v. Accor N. Am., Inc.*, No. 07CV735S, 2010 WL 11549397, at *4 (W.D.N.Y. Dec. 23, 2010) ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence") (internal quotation marks omitted); *see also* Fed. R. Civ. P. 32(a)(6) (permitting Aerojet to introduce other parts of the deposition "that in fairness should be considered"). "Rule 403 favors admissibility: evidence is only excluded when its probative value is ***substantially outweighed*** by the prejudice of jury confusion." *United States v. White*, 692 F.3d 235, 247 (2d Cir. 2012)(emphasis in original).

Valvetech has expended numerous hours in a good-faith effort to resolve Aerojet's voluminous, shotgun-style objections. To no avail. ValveTech merely wants the opportunity to present its case to the jury, and Aerojet's meritless objections would essentially preclude testimony from nine witnesses. Precluding testimony from nine witnesses will certainly have a substantial and injurious effect and influence on the jury's verdict. Aerojet's cumbersome and meritless objections should be given no weight whatsoever. All of ValveTech's proposed deposition designations should be admitted over Aerojet's objections.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

*Laurie A Vahey*

Laurie A. Vahey

cc:     All Counsel of Record