# EXHIBIT 1

ValveTech, Inc., v. Aerojet Rocketdyne, Inc.
Case No. 6:17-cv-06788

Deposition of Matthew Barber (February 1, 2021) – REVISED

| Plaintiff's Designations (Defendant's Counters) | Defendant's Objections | Plaintiff's Response |
|---|---|---|
| 12:22-24 | | |
| 18:24-25 | | |
| 19:7-10 | | |
| 92:20-23 | 401/403 (The witness stated that he was not involved in the decision to switch from the ValveTech valve. That he was not involved has no relevance to any issue in dispute.) | |
| 108:22-23 | 401/403 (Whether ValveTech could have eventually provided a valve is not relevant to any issue in dispute. Moreover, the implication that Aerojet Rocketdyne will be required to establish at trial that ValveTech was incapable of eventually providing a valve is unfairly prejudicial, confusing, and misleading. This will be referred to herein as the "Future Valve" objection.) | |
| 108:25-109:5 | | |
| 109:7-7 | | |
| 109:20-23 | 401/403, 602 (Future Valve); (Mr. Barber testified "All I can say is apparently not. That's what I said in this e-mail." Rather than personal knowledge of events that he recalled, Mr. Barber was reflecting on what was stated in an email. Although the email may itself be admissible, testimony as to its contents would have required counsel to establish that the email refreshed Mr. Barber's recollection. The actual testimony, and speculation on what could possibly have occurred is irrelevant.) | |
| 109:25-25 | | |
| 110:2-3 | | |
| 110:8-11 | | |
| 110:13-15 | | |
| 115:25-116:3 | 401/403, 602, 701 (Future Valve); (Mr. Barber testified "From the items on Exhibit 15, it appears that Aerojet Rocketdyne -- and I haven't read through every 8 single item on here. But it appears that we had worked through a path forward for continuing to work with ValveTech on flight units." Mr. Barber was not testifying based on personal knowledge, but | |
| 116:5-10 | | |

| Plaintiff's Designations (Defendant's Counters) | Defendant's Objections | Plaintiff's Response |
|---|---|---|
| | instead his interpretation of the exhibit discussed. The question and answer were seeking an opinion on whether ValveTech could have provided a valve.) | |
| 145:3-10 (145:20-146:6) | 401/403 (Future Valve) | |
| 158:14-17 | | |
| 191:11-18 | 401/403 602, 701 (The answer begins with "it looks to me like." Mr. Barber was clearly testifying based on his opinion after reviewing the document live during his deposition rather than based on personal knowledge). | |
| 203:14-20 (203:21-204:1) | | |
| 207:4-6 | 401/403, 602 (The entire line of questioning began with the question "Who had access to Aeroframe" and the answer "I don't know." Mr. Barber then confirmed that he was not the "gatekeeper for ValveTech information." The portion of his testimony designated by ValveTech asked him to speculate about who had access, a topic on which he had already disclaimed knowledge or involvement. The final passage related to how information could have been accessed in Redmond, which had an entirely different set of contracts with ValveTech for monoprop valves. Reference to ValveTech information related to the monoprop relationship is irrelevant, unfairly prejudicial, confusing, and misleading, as there are no claims or defenses related to that information. | |
| 207:9-24 | | |
| 215:25-216:3 | 401/403 (Future Valve) | |
| 216:5-7 (217:14-25) | | |

Matthew Barber (February 1, 2021)