# EXHIBIT 2

ValveTech, Inc., v. Aerojet Rocketdyne, Inc.
Case No. 6:17-cv-06788

Deposition of Andy Krochmalny (January 27, 2021) - REVISED

| Plaintiff's Designations (Defendant's Counters) | Defendant's Objections | Plaintiff's Response |
|---|---|---|
| 10:22-11:9 | | |
| 30:13-31:6 | | |
| 31:8-9 | | |
| 33:23-24 | 602, calls for a legal conclusion (The question requested Mr. Krochmalny's position on contract termination. Whether there was a contract that was or could be terminated, and the legal consequences thereof, are not facts within Mr. Krochmalny's personal knowledge. Aerojet Rocketdyne has requested an instruction on contract termination, which at most, should be deemed a legal issue for the Court. this will be referred to throughout as the "Contract Termination" objection.) | |
| 34:1-2 | | |
| 41:22-23 | 401 (The question and answer were about Mr. Krochmalny's general view of ValveTech as a supplier as of 2013. That view is not relevant to whether Aerojet Rocketdyne breached a contract or misappropriated a trade secret years later. The issue here is similar to the Future Valve issue, in that ValveTech's ability to develop a valve is not relevant to the resolution of the parties' disputes.) | |
| 41:25-42:6 | | |
| 49:6-6 | 401/403, 602, 701, 702, calls for a legal conclusion (The question asked Mr. Krockmalny's personal view of the "purpose of an NDA." His personal opinion as to the purpose of a form of contractual agreement is irrelevant to any issue in this case.) | |
| 49:8-11 | | |
| 49:13-16 | | |
| 50:8-9 | | |
| 50:11-15 | | |
| 50:17-22 | | |
| 50:24-24 | | |

| Plaintiff's Designations (Defendant's Counters) | Defendant's Objections | Plaintiff's Response |
|---|---|---|
| 69:18-21 | 401 (The entirety of the designation is the marking of an exhibit by the AV Technician. It has no relevance to any issue in dispute) | |
| 73:12-16 (72:9-21) | 401/403, 602, 701, 702 (The entire line of questioning began with Mr. Krochmalny stating that he did not recognize the document on which he was questioned. It then asked his opinion on something someone else had written. Finally, whether there existed an "off-the shelf design[ ]" is not relevant to any issue to be decided.) | |
| 73:18-74:1 (72:9-21) | | |
| 77:22-23 | 401/403, 602, 701, 702 (The answer clearly indicated that the witness was not testifying based on personal knowledge. Instead, at best, he was asked for his opinion, as to which he indicated he did not have sufficient information to provide one.) | |
| 77:25-78:6 | | |
| 83:13-84:10 | 401/403, 602, 802 (Future Valve); (ValveTech did not lay a proper foundation for Mr. Krochmalny's testimony. In particular, rather than his own recollection, the testimony indicates he was interpreting the contents of an email. ValveTech also did not establish that the witness's discussion of the "test results" was based on Mr. Krockmalny's own knowledge or instead hearsay.) | |
| 84:12-18 | | |
| 84:20-20 | | |
| 108:5-8 | | |
| 123:16-25 | 401, 701, 702 (Future Valve); (The question asked was whether Mr. Krochmalny considered "ValveTech's proposal to provide the pilot valve as a viable alternative." ValveTech did not establish that it was within Mr. Krochmalny's job responsibilities on behalf of Aerojet Rocketdyne to have rendered an opinion on viability. Instead, the testimony indicates that he was providing his personal opinion, which is not relevant or admissible.) | |

Andy Krochmalny (January 27, 2021)