# EXHIBIT 3

ValveTech, Inc., v. Aerojet Rocketdyne, Inc.
Case No. 6:17-cv-06788

Deposition of Earl Peterson (January 29, 2021) – REVISED

| Plaintiff's Designations (Defendant's Counters) | Defendant's Objections | Plaintiff's Response |
|---|---|---|
| 11:20-22 | | |
| 26:16-17 | | |
| 26:19-27:3 | | |
| 83:6-10 | | |
| 96:5-6 | 401/403, 602, 701, 702 (The question asks Mr. Peterson's opinion on whether a valve is complex. That is an opinion, rather than a fact. In addition, Mr. Peterson's personal opinion has no relevance to any of the claims or defenses in this litigation.) | |
| 96:8-8 | | |
| 109:2-4 | | |
| 112:15-19 | 401/403, 602, 701, 702, calls for a legal conclusion (In context, it is clear that Mr. Peterson was not testifying based on his personal knowledge. Whether shock tests were performed is irrelevant to any issue in this case. Similar testimony related to testing will be referred to throughout as "Valve Testing." Mr. Peterson's personal opinion on why such tests were run is also irrelevant. The tests were called for in a contract between Boeing and Aerojet Rocketdyne, and therefore, Mr. Peterson's personal view cannot alter the legal basis for the testing.) | |
| 113:8-18 | 401/403, 602 (Valve Testing) | |
| 113:20-24 | | |
| 114:1-1 | | |
| 114:10-11 | 401/403, 602, 701, 702, calls for a legal conclusion (Valve Testing) | |
| 114:13-15 | | |
| 118:18-23 | 401/403, 602, 701, 702 (Valve Testing) | |
| 118:25-119:2 | | |
| 119:7-8 | | |
| 119:10-11 | | |
| 121:17-18 | 401/403, 802 (Valve Testing) | |
| 121:20-22 | | |
| 121:24-122:1 | | |

| Plaintiff's Designations (Defendant's Counters) | Defendant's Objections | Plaintiff's Response |
|---|---|---|
| 122:3-3 | | |
| 134:18-22 | | |
| 135:2-6 | | |
| 138:13-18 | 401/403, 602 (The testimony here was merely "That's what it looks like to me." The testimony does not lay a proper foundation for the witness's knowledge and in context, it is clear that the witness is not testifying to fact of which he knows to be true.) | |
| 138:20-21 | | |
| 138:23-23 | | |
| 159:1-2 (159:14-19) | | |
| 159:10-12 (159:14-19) | | |
| 159:20-25 (159:14-19) | | |
| 162:17-18 | | |
| 163:8-9 | | |
| 163:11-12 | | |
| 164:9-10 | | |
| 164:25-165:2 | 401/403, 602 (The line of questioning was about Mr. Peterson's recollection of where other people were during a presentation. He testified "I can't tell you for sure if they were there or not, you know, people walking in and out of the rooms, and I don't keep track of them." The designated question was "Do you recall any of your team members walking out when you were presenting?" to which he answered "No, I do not recall that." Because he already testified that he did not recall whether they were present at all, the designated question is misleading. Indeed, to the extent that ValveTech intends to suggest that his testimony establishes that certain people were necessarily present, that would be improper. | |
| 165:18-22 | 401/403, 602 (The question was confusing. In addition, the questioning attorney did not establish that Mr. Peterson was | |
| 165:24-166:5 | | |

Earl Peterson (January 29, 2021)

| Plaintiff's Designations (Defendant's Counters) | Defendant's Objections | Plaintiff's Response |
|---|---|---|
| | involved in deciding who would give a presentation, and therefore, did not lay a proper foundation for his testimony. There also appears to be no relevance to the selection of who would provide presentations.) | |
| 166:23-167:1 | 401/403, 602 (The question was vague as to why or how Mr. Peterson and Mr. Bleck were "required to be at all the[ ] presentations." There also appears to be no relevance to whether they were so required. | |
| 172:4-4 | 401, 602 (Mr. Peterson testified that he did not know. There is no relevance to having a witness testify that he did not know.) | |
| 172:6-6 | | |
| 172:8-9 | | |
| 184:19-21 | | |
| 185:12-14 (185:15-186:3) | | |
| 186:9-12 (185:15-186:3) | 401/403 (The question asked Mr. Peterson not what happened as a matter of fact, but instead to predict what would happen "if there's a change to RC7620." In addition, there does not appear to be any relevance what could happen if there were changes to a specification.) | |
| 186:14-14 (185:15-186:3) | | |
| 186:16-18 (185:15-186:3) | | |
| 187:9-11 | 401/403 (The question asked is whether a specification "can be changed." The is no relevance to whether a specification can be changed.) | |
| 187:13-13 | | |
| 188:17-21 | 401/403, 602 (Mr. Peterson testified "it looks like it was changed." He was simply giving his interpretation of a document at his deposition, not testifying based on his knowledge. And again, whether a specification changed is irrelevant.) | |
| 188:23-25 | | |
| 200:25-201:3 | 401, 403, 802 (Mr. Peterson testified that he had a "vague" recollection of an email someone else wrote. He specifically disclaimed involvement in the | |
| 201:8-9 | | |
| 201:11-17 | | |

Earl Peterson (January 29, 2021)

| Plaintiff's Designations (Defendant's Counters) | Defendant's Objections | Plaintiff's Response |
|---|---|---|
|  | underlying events, and therefore, at best his testimony goes to the out-of-court statement of someone else.) |  |
| 226:23-24 | 401/403, 602, 802, assumes facts not in evidence, calls for a legal conclusion (The only thing designated was a question. That question assumes the existence of a restriction that ValveTech did not itself establish. In addition, Mr. Peterson is not a proper witness to testify regarding contractual obligations as between ValveTech and Aerojet Rocketdyne. His actual testimony also does not establish the basis for his knowledge, which may have been solely hearsay rather than his personal knowledge.) |  |

Earl Peterson (January 29, 2021)