# EXHIBIT 4

ValveTech, Inc., v. Aerojet Rocketdyne, Inc.

Case No. 6:17-cv-06788

Deposition of Lisa Peterson (December 3, 2020) - REVISED

| Plaintiff's Designations (Defendant's Counters) | Defendant's Objections | Plaintiff's Response |
|---|---|---|
| 9:21-24 | | |
| 15:6-21 | | |
| 15:23-23 | | |
| 18:13-15 | | |
| 18:17-19 | | |
| 22:5-12 | | |
| 24:1-7 | 401/403 (Whether Ms. Peterson considers the Starliner to be important to Boeing is irrelevant to any issue in this case.) | |
| 24:9-9 | | |
| 25:5-7 | 401/403 (Whether Ms. Peterson considers the Starliner schedule to be important to Boeing is irrelevant to any issue in this case.) | |
| 25:9-9 | | |
| 25:11-13 | 401/403, 602, calls for a legal conclusion (Whether Ms. Peterson believes the Starliner schedule is important under Boeing's contract with NASA is irrelevant to any issue in this case. Ms. Peterson's view of the contractual requirements between Boeing and NASA is a legal conclusion.) | |
| 25:18-21 | | |
| 26:4-13 | 401/403 (The total contract amount between Boeing and NASA is not relevant to any issue in this case. The amount identified could be unfairly prejudicial, confusing, and misleading.) | |
| 26:15-15 | | |
| 28:9-12 | | |
| 28:21-23 | | |

| Plaintiff's Designations (Defendant's Counters) | Defendant's Objections | Plaintiff's Response |
|---|---|---|
| 29:21-25 | 401/403, 602 (This line of questions seeks Ms. Peterson's understanding of technical issues. She confirmed that she is not part of the "technical organizations at Boeing," but instead is an interface between various parts of Boeing. Her understanding is irrelevant to any issues for trial. This objection will be referred to throughout as "Technical Testimony and/or Opinions") | |
| 30:5-7 | | |
| 30:13-14 | | |
| 30:18-18 | | |
| 30:20-22 | | |
| 30:24-24 | | |
| 33:2-5 | 401/403, 602, 701 (The question asked Ms. Peterson her view on the importance of fuel to astronauts. Her personal opinion on that topic is irrelevant to any issue in this case. And even if her personal view were admissible, whether fuel is important to astronauts is irrelevant to any issue to be resolved at trial.) | |
| 33:8-8 | | |
| 33:13-18 | 401/403, 602 ("Technical Testimony and/or Opinions") | |
| 33:20-22 | | |
| 33:24-34:5 | | |
| 34:17-21 | | |
| 37:4-5 | 401/403, 602, 701 (Technical Testimony and/or Opinions); (The question asked Ms. Peterson's personal view of the importance of OMAC isolation valves. Her opinion lacks proper foundation and is irrelevant to any issue in this case.) | |
| 37:8-10 | | |
| 37:12-15 | | |
| 49:1-4 | | |
| 52:11-15 | 401/403, 602, 802 (Technical Testimony and/or Opinions); (Ms. Peterson's testimony was expressly based on her "understanding from Aerojet Rocketdyne's information." She did not identify what information that was based on and no follow-up occurred regarding the foundation for her testimony, which appears to be based solely on hearsay.) | |
| 52:18-24 | | |

Lisa Peterson (December 3, 2020)

| Plaintiff's Designations (Defendant's Counters) | Defendant's Objections | Plaintiff's Response |
|---|---|---|
| 59:24-60:4 | 401/403 (Future Valve); (Whether Boeing received information about technical problems and scheduling issues solely from Aerojet Rocketdyne is irrelevant to any issue for trial.) | |
| 60:19-23 | 401/403, 602, 701, calls for a legal conclusion (Ms. Peterson was not the author of the document, and therefore, lacks a proper foundation to testify regarding its contents. The author of the summary is unidentified, and therefore, the document is hearsay without a proper basis to establish that the statement was made by someone authorized by Aerojet Rocketdyne to make the statement. The proper source of any such restriction would be the underlying contract, if any, not a summary created by an unidentified author. Because ValveTech has asserted only the 2011 NDA and 2017 NDA, but has separately asserted that other agreements no longer at issue in this case also created obligations, it should be ValveTech's burden to establish that the cited statement was addressed to either or both of the NDAs and not some other purported obligation.) | |
| 61:11-13 | | |
| 61:15-18 | | |
| 67:2-4 | 401/403, 602, 701, calls for a legal conclusion (The question asks Ms. Peterson's opinion on supplier IP rights, a topic on which she should not be permitted to opine. In addition, her answer "I would assume so" confirms that she lacks personal knowledge or a foundation for providing an opinion.) | |
| 67:7-7 | | |
| 68:25-69:2 | | |

Lisa Peterson (December 3, 2020)

| Plaintiff's Designations (Defendant's Counters) | Defendant's Objections | Plaintiff's Response |
|---|---|---|
| 69:4-4 | 401/403, 802 (Whether Boeing was "allowed to talk directly to ValveTech" is irrelevant to any issue in the cases. Ms. Peterson did not identify the basis for any restriction against Boeing talking to ValveTech, and therefore, the nature of her testimony is at best unclear, lacks foundation, and would necessarily reflect hearsay.) | |
| 70:12-15 | | |
| 70:21-71:4 | | |
| 71:15-20 | | |
| 72:9-10 | | |
| 77:14-16 | 401/403, 602, 701 (Ms. Peterson was not the author of the document she was testifying about, and therefore, her understanding, opinions regarding, or interpretation of the document is not relevant. This objection will be referred to throughout as "Document Speaks for Itself") | |
| 77:18-18 | | |
| 79:22-80:1 | | |
| 80:4-7 | | |
| 94:3-13 | | |
| 95:14-18 | 401/403, 602 (Document Speaks for Itself) | |
| 96:12-16 | | |
| 98:19-23 | | |
| 98:25-99:1 | | |
| 102:8-10 | 401/403 (Whether Ms. Peterson was unhappy with Aerojet Rocketdyne is irrelevant to any issue in this case.) | |
| 102:12-15 | | |
| 103:24-104:4 | 401/403 (The question and answer were about a potential contract for flight valves that was never completed. The potential for that contract, and Ms. Peterson's views of that potential contract have no relevance to the issues to be resolved at trial.) | |

Lisa Peterson (December 3, 2020)

| Plaintiff's Designations (Defendant's Counters) | Defendant's Objections | Plaintiff's Response |
|---|---|---|
| 104:25-105:2 | 401/403, 602, 701 (This line of questioning asked Ms. Peterson to speculate on why Boeing couldn't have done something. Ms. Peterson did not answer the question posed, and instead provided her personal view on Boeing's responsibilities. Any responsibilities or obligations would have been based on contract, about which Ms. Peterson should not be permitted to testify. The testimony has no relevance to any issue to be resolved at trial.) | |
| 105:4-6 | | |
| 105:8-10 | | |
| 106:4-11 | 401/403 (Document Speaks for Itself) | |
| 107:23-108:1 | 401/403, 602, 802 (Ms. Peterson disclaimed knowledge in response to the question. It is unclear how her lack of knowledge could be relevant to any issue in the litigation.) | |
| 108:9-11 | 401/403, 602, 701 (The questions asked for Ms. Peterson's opinion, which would not be admissible. In addition, she answered, "I don't know" and "I would suspect not," confirming that she lacked personal knowledge or a basis on which to provide her opinions. Her personal views on the subject are irrelevant.) | |
| 108:14-19 | | |
| 108:21-25 | | |
| 109:2-2 | | |
| 112:9-12 | 401/403, 602, 701, assumes facts not in evidence (The question was directed to why Aerojet Rocketdyne wanted to do something. Ms. Peterson lacks a proper foundation or basis to testify as to Aerojet Rocketdyne's motivations. In addition, the question included as a factual predicate facts not supported by the evidence.) | |
| 112:15-21 | | |
| 113:15-23 | 401/403, 602, 701 (Document Speaks for Itself); (Ms. Peterson was asked her opinion regarding a statement made by Aerojet Rocketdyne. Her opinion is inadmissible and is also irrelevant to any issue in this case.) | |

Lisa Peterson (December 3, 2020)

| Plaintiff's Designations (Defendant's Counters) | Defendant's Objections | Plaintiff's Response |
|---|---|---|
| 121:18-22 | 401/403, 602, 701 (The question is based on a false factual premise, that something was designed "from a clean sheet of paper." Aerojet Rocketdyne has not alleged that its design was created from a clean sheet of paper, and therefore, the testimony is at best confusing and misleading. In addition, ValveTech did not establish that Ms. Peterson had sufficient knowledge of valve-development timelines to give an opinion on that subject.) | |
| 121:25-122:5 | | |
| 124:11-15 | 401/403, 602 (Future Valve); (Contract Termination); (The question itself assumed that Boeing did not have an opinion, and therefore, the testimony seems at best irrelevant. In addition, a proper foundation for Ms. Peterson to opine on "contract termination" was not laid. Boeing's source or lack of information is also irrelevant to any issue for trial. | |
| 124:17-19 | | |
| 126:14-21 | 401/403, 602, 701 (Document Speaks for Itself) | |
| 126:23-127:3 | | |
| 127:5-9 | | |
| 128:8-10 (128:17-22) | 401/403, 602, 701 (Document Speaks for Itself) | |
| 128:12-15 (128:17-22) | | |
| 128:24-129:5 (128:17-22) | | |
| 129:7-7 (128:17-22) | | |
| 129:20-130:4 | 401/403, 602, 701 (The questions and answer presented an incomplete hypothetical regarding what could happen. Ms. Peterson's opinion regarding what Boeing might have "encourage[d]" is inadmissible and irrelevant any issue to be presented at trial. | |
| 130:8-10 | | |
| 130:12-15 | | |
| 130:17-20 | 401/403, 602, 701 (Document Speaks for Itself); (Ms. Peterson's | |
| 130:23-131:4 | | |

Lisa Peterson (December 3, 2020)

| Plaintiff's Designations (Defendant's Counters) | Defendant's Objections | Plaintiff's Response |
|---|---|---|
| 131:6-8 | speculation regarding Aerojet Rocketdyne's "intent" is inadmissible and irrelevant. | |
| 132:8-11 | 401/403, 602, 701 (Document Speaks for Itself); (Technical Testimony and/or Opinions); (ValveTech has not alleged that its pressure drop was a trade secret or comprised confidential information subject to non-disclosure. The designated testimony is irrelevant to any issue to be tried. This will be referred to throughout as the "Pressure Drop" objection.) | |
| 132:13-18 | | |
| 134:9-11 | 401/403, 602, 701 (Document Speaks for Itself); (Technical Testimony and/or Opinions); (Pressure Drop). | |
| 134:13-16 | | |
| 146:1-13 | 401/403, 602 (Document Speaks for Itself); (Ms. Peterson answered "I would assume so." Her assumption is not based on personal knowledge and is irrelevant to any issue for trial.) | |
| 146:15-15 | | |
| 147:6-9 (147:10-20) | 401/403, 602, 701 (Document Speaks for Itself); (Technical Testimony and/or Opinions); (ValveTech has not alleged that any of the characteristics identified were ValveTech's trade secrets or comprised confidential information subject to non-disclosure. The designated testimony is irrelevant to any issue to be tried. This will be referred to throughout as the "Irrelevant Characteristics" objection.) | |
| 147:22-25 | | |
| 148:2-10 (147:10-20) | | |
| 148:13-18 | | |
| 148:21-22 | | |
| 152:2-9 | | |
| 154:8-155:1 | 401/403, 602, 701 (The question asked Ms. Peterson's opinion based on an incomplete hypothetical, the answer to which would be inadmissible. Her answer | |
| 155:4-4 | | |
| 155:6-6 | | |
| 155:9-12 | | |
| 155:21-156:1 | | |

Lisa Peterson (December 3, 2020)

| Plaintiff's Designations (Defendant's Counters) | Defendant's Objections | Plaintiff's Response |
|---|---|---|
| 156:3-8 | started with "I don't have an answer to that question." A witness professing a lack of knowledge in response to a hypothetical is not relevant to any issue for trial. ValveTech has no claim that providing valves to Boeing for their use violated a contract or misappropriated a trade secret. Those claims were dismissed at the summary judgment stage. The hypothetical raised in the questions, therefore, has no relevance to the issues to be tried. This will be referred to throughout as the "No Valve" objection.) | |
| 157:13-17 | 401/403, 602, 701 (No Valve) | |
| 157:24-158:2 | 401/403, 602, 701 (No Valve); (Ms. Peterson's answer was "It's possible." That answer indicates that she was providing an opinion an not facts within her personal knowledge.) | |
| 167:24-168:24 | 401/403, 602 (Document Speaks for Itself); (Irrelevant Characteristics) | |
| 169:10-12 | 401/403, 602, 701 (Technical Testimony and/or Opinions); (Document Speaks for Itself) | |
| 169:14-16 | | |
| 169:18-21 | | |
| 169:24-24 | | |
| 170:1-7 | | |
| 170:9-9 | | |
| 173:15-21 | | |
| 173:25-174:2 | | |
| 174:4-5 | | |
| 177:2-3 | 401/403, 602, 701 (Ms. Peterson testified "I don't know" and "I would suspect." Professing a lack of knowledge or speculating is irrelevant to any issue for trial.) | |
| 177:6-6 | | |
| 177:8-9 | | |
| 177:12-14 | | |
| 177:15-19 | | |

Lisa Peterson (December 3, 2020)

| Plaintiff's Designations (Defendant's Counters) | Defendant's Objections | Plaintiff's Response |
|---|---|---|
| 177:21-21 | 401/403, 602, 701 ("Technical Testimony and/or Opinions"); (The question posed was an incomplete hypothetical that sought Ms. Petersons opinion on what could have happened. Ms. Peterson's opinion on that is irrelevant and inadmissible.) | |
| 178:6-10 | 401/403, 602, 701 (Technical Testimony and/or Opinions) | |
| 178:12-17 | | |
| 178:20-21 | | |
| 180:7-17 | | |
| 181:16-19 | 401/403, 602, 701 (Technical Testimony and/or Opinions); (Document Speaks for Itself) | |
| 181:21-24 | | |
| 224:2-11 | 401/403, 802 (Aerojet Rocketdyne has moved to exclude the Boeing "Penalty" letter, an issue that the Court is currently considering. This will be referred to throughout as the "Boeing Penalty" issue.) | |
| 225:13-22 | 401/403, 802 (Boeing Penalty) | |
| 226:23-227:3 | 401/403, 802 (Boeing Penalty) | |
| 232:2-4 | | |
| 234:20-235:19 | 401/403, 802, (Boeing Penalty) | |
| 237:15-18 | 401/403, 802 (Boeing Penalty) | |
| 250:17-19 | | |
| 250:21-21 | | |
| 250:23-25 | | |
| 251:3-3 | | |
| 251:5-8 | | |
| 251:10-10 | | |

Lisa Peterson (December 3, 2020)