UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| VALVETECH, INC., | : |
| Plaintiff, | : |
| v. | : Case No. 6:17-cv-06788-FPG-MJP |
| AEROJET ROCKETDYNE, INC., | : |
| Defendant. | : |

**MEMORANDUM IN SUPPORT OF PLAINTIFF VALVETECH, INC.'S
MOTION FOR PRELIMINARY INJUNCTION**

I.      **INTRODUCTION**

On November 22, 2023, the jury returned a unanimous verdict finding that Defendant Aerojet Rocketdyne, Inc. ("Aerojet") both ***disclosed or used*** and ***failed to return or promptly destroy*** Plaintiff ValveTech, Inc.'s ("ValveTech") proprietary information in violation of both the 2011 and 2017 Nondisclosure Agreements. *See* ECF No. 376 (Jury Verdict) at 2a, 2b, 4a, 4b. The Court entered judgment affirming that finding on November 29. ECF No. 381. ValveTech intends to seek equitable relief in a post-judgment motion, including at least a permanent injunction, under the applicable schedule which provides for such motions to be filed by December 27, 2023.[1]

To maintain the status quo until all issues are resolved, including ValveTech's forthcoming request for a permanent injunction, ValveTech sent Aerojet a Written Notice of Legal Hold "demanding that Aerojet Rocketdyne, Inc., an L3Harris Technologies Company take immediate steps to preserve (and not alter or destroy) all documents and electronically stored information that may be related to the allegations set forth in the lawsuit." *See* Ex. A (Written Notice of Legal Hold ("Legal Hold")). ValveTech requested that Aerojet "confirm in writing [its] compliance with this litigation hold." *Id.* Simply put, after prevailing at trial, ValveTech put Aerojet on notice to preserve ValveTech's information so that the parties may begin a process of Aerojet returning ValveTech's information that is undisputedly still within Aerojet's possession.

Aerojet rejected ValveTech's reasonable request to preserve evidence and maintain the status quo. It stated that such preservation "seems improper" and failed to confirm that it would preserve evidence in this ongoing litigation. Aerojet stated that it required a specific list of documents that met a self-given definition before it took any action to preserve. *See* Ex. B (Nov.

---

[1] In its order subsuming ValveTech's replevin claim into the breach of contract claims, the Court held that "the Court may fashion equitable relief, at the appropriate juncture, if Aerojet is found to have retained proprietary information in violation of the nondisclosure agreements." ECF No. 360.

1

28, 2023 email from counsel for Defendant). All of this comes on the coattails of evidence emerging that Aerojet violated the Protective Order (ECF No. 19-1) and Aerojet ignoring the Court's direction to identify all locations ValveTech's proprietary information is stored (ECF No. 369 (Nov. 13, 2023 Trial Tr.) at 152:8-22)—something Aerojet *still* has not done despite representing to the Court it would do so.

ValveTech respectfully submits that a Court order is necessary under the circumstances here. The jury found that Aerojet breached the 2011 and 2017 Nondisclosure Agreements, including that Aerojet failed to return ValveTech's information. A court order is necessary to preserve the status quo as the parties work through an appropriate post-verdict proceeding to ensure that Aerojet returns ValveTech's information.

**II.   ARGUMENTS**

During trial, the Court held that ValveTech's claim for replevin was subsumed within its breach of contract claims. ECF No. 373, (Nov. 17, 2023 Trial Tr.) at p. 185. In its text order, the Court held, in relevant part, as follows:

> "Notwithstanding this disposition, ValveTech may still pursue compensatory damages and **equitable relief for the allegedly wrongful retention of its property**. ValveTech alleges two distinct breaches of the nondisclosure agreements: first, Aerojet's alleged wrongful use of proprietary information, and second, Aerojet's alleged wrongful retention of proprietary information. The Court will instruct the jury on both alleged breaches, and, should the jury find Aerojet liable, it may award compensatory damages for Aerojet's wrongful retention of ValveTech's proprietary information. Furthermore, injunctive relief is available for breach of contract under California law. Therefore, **the Court may fashion equitable relief, at the appropriate juncture, if Aerojet is found to have retained proprietary information in violation of the nondisclosure agreements**."

ECF No. 360 (emphasis added).

The jury found that Aerojet breached the 2011 and 2017 Nondisclosure Agreements. The jury found that Aerojet failed to return ValveTech's proprietary information. ECF No. 376. Aerojet has been found liable, and, at this juncture, ValveTech seeks to maintain the status quo while post-verdict proceedings take place. *See* ECF No. 368 (Nov. 9, 2023 Trial Tr.) at p. 186 (the Court stated "I mean, if the jury finds in this case breach of contract, then one of the reliefs is for preliminary - - or for an injunction and we'd have to get the parties together to determine what needs to be part of that"). Aerojet's refusal to confirm it will preserve documents—and further statement that such preservation "seems improper"—makes a preliminary injunction a necessary remedy. All elements of a preliminary injunction strongly favor granting one here. *See Bank of America, N.A. v. Won Sam Yi*, 294 F. Supp. 3d 62, 76 (W.D.N.Y. 2018) (a preliminary injunction is proper where there is (1) a likelihood of irreparable harm absent preliminary relief; (2) a likelihood of success on the merits; (3) the balance of equities tipping in favor of the moving party; and (4) the public interest is served by an injunction).

There is a likelihood of irreparable harm absent preliminary relief because Aerojet failed to confirm it will preserve documents and electronically stored information. Aerojet's conduct with respect to such evidence breached the parties' Nondisclosure Agreements, and it should not be permitted to modify, move, or delete such evidence in advance of ValveTech's forthcoming motion for permanent injunction.

Because ValveTech will suffer irreparable harm absent a preliminary injunction, it may establish *either* a likelihood of success on the merits *or* that the balance of equities tip toward ValveTech. *Id.* There is a likelihood of success on the merits: ValveTech has already proven that Aerojet breached the Nondisclosure Agreements. ECF No. 376. Said another way, the merits of

3

ValveTech's breach of contract claims have been decided in ValveTech's favor and Aerojet is liable.

Moreover, the balance of equities also favors an injunction, since ValveTech is merely requesting that Aerojet maintain the status quo and not modify, move, or delete relevant files or evidence—something Aerojet is already obliged to do.  Certainly, the equities favor ValveTech given that the jury found that Aerojet breached the 2011 and 2017 Nondisclosure Agreements.  Notably, with this request for a preliminary injunction, ValveTech is ***not*** seeking any equitable restrictions on Aerojet's **use** of the proprietary information (which will instead be addressed by ValveTech's forthcoming motion for a permanent injunction), but instead simply requesting that the status quo be maintained, such that Aerojet is prohibited from destroying or otherwise tampering with the evidence underlying the breach of contract found by the jury.

The public interest would be served by entering an injunction, since Aerojet should not be permitted to tamper with evidence in any way in the window between the jury's verdict and the close of the case.  The public interest is further served by the recognition of the jury's verdict and the preservation of information, which must be returned here.

Finally, ValveTech respectfully disagrees with Aerojet's characterization of the one of the remaining issues.  Unfortunately, due to Aerojet's conduct, ValveTech's proprietary information was sent to others and copied into other files on Aerojet's storage system.  As a result of Aerojet's conduct, a simple list is not an option here.  *See* ECF No. 368 (Nov. 9, 2023 Trial Tr.) at p. 187 (the Court stating, "I know this is a lot more complicated than [Aerojet's counsel] are making it because there's claims that things are in other servers and sent to other parties.  There's copies of things that need to be returned, so that's going to be a full hearing I think if we ever get to that point").  Additionally, it is important to note that Aerojet has sole access to its internal storage

4

system, and, to date, it has not provided ValveTech with information concerning where its proprietary information was/is stored and who had/has access to it. *See id.* at p. 187 (Aerojet's counsel stating, "My proffer was I'm going to try, as I said before, to identify before we have that hearing, I think this is a reasonable request, where things likely would have been. I will talk with the people who would have had access to them and I will report to Your Honor in the best I can do where those documents are likely to have gone and confirm whether there's something there or not and if there's something there that we deleted it."). At the very least, the *first* step should be Aerojet agreeing to maintain the status quo as Aerojet identifies the locations where Aerojet stored ValveTech's information and identify all individuals who had access to it.

In sum, ValveTech respectfully requests that a Court order is necessary to preserve the status quo as post-verdict proceedings continue.

### III.   CONCLUSION

ValveTech respectfully requests that the Court order a preliminary injunction against Aerojet, consistent with the Legal Hold attached hereto as Exhibit A.

| | |
|---|---|
| December 1, 2023 | By:/ *s/ John D. Esterhay* |
| | Laurie A. Vahey |
| | Vahey Law Offices PLLC |
| | 144 Exchange Blvd., Suite 400 |
| | Rochester, New York 14614 |
| | Tel: 585-262-5130 |
| | lvahey@vaheylaw.com |
| | |
| | Kevin J. Patariu |
| | John D. Esterhay |
| | Miguel J. Bombach |
| | Abigail A. Gardner |
| | Perkins Coie LLP |
| | 11452 El Camino Real, Suite 300 |
| | San Diego, CA  92130-2080 |
| | Telephone: (858) 720-5700 |
| | Fax: (858)720-5799 |
| | KPatariu@perkinscoie.com |
| | JEsterhay@perkinscoie.com |
| | MBombach@perkinscoie.com |
| | AGardner@perkinscoie.com |
| | |
| | Attorneys for Plaintiff |
| | VALVETECH, INC. |

6