# EXHIBIT A

SUBJECT:   **WRITTEN NOTICE OF LEGAL HOLD**
          ValveTech., Inc. v Aerojet Rocketdyne, Inc.
          Case No. 6:17-cv-06788-FPG-MJP

---

ValveTech, Inc. ("ValveTech") commenced a lawsuit against Aerojet Rocketdyne, Inc. ("Aerojet" or "the Company") alleging, among other things, violations of nondisclosure agreements (referred to herein as "the Lawsuit"). The lawsuit resulted in a jury trial with a verdict sheet answering "Yes" to the following:

1.   Do you find by a preponderance of the evidence that Defendant Aerojet Rocketdyne, Inc. breached the 2011 nondisclosure agreement?

2a.  Do you find by a preponderance of the evidence that Defendant Aerojet Rocketdyne, Inc. disclosed or used Plaintiff ValveTech, Inc.'s proprietary information in violation of the 2011 nondisclosure agreement?

2b.  Do you find by a preponderance of the evidence that Defendant Aerojet Rocketdyne, Inc. failed to return or promptly destroy Plaintiff ValveTech, Inc.'s proprietary information at Plaintiff ValveTech Inc.'s request, in violation of the 2011 nondisclosure agreement?

3.   Do you find by a preponderance of the evidence that Defendant Aerojet Rocketdyne, Inc. breached the 2017 nondisclosure agreement?

4a.  Do you find by a preponderance of the evidence that Defendant Aerojet Rocketdyne, Inc. disclosed or used Plaintiff ValveTech, Inc.'s proprietary information in violation of the 2017 nondisclosure agreement?

4b.  Do you find by a preponderance of the evidence that Defendant Aerojet Rocketdyne, Inc. failed to return or promptly destroy Plaintiff ValveTech, Inc.'s proprietary information at Plaintiff ValveTech Inc.'s request, in violation of the 2017 nondisclosure agreement?

ValveTech, Inc. serves this litigation hold notice demanding that Aerojet Rocketdyne, Inc., an L3Harris Technologies Company take immediate steps to **preserve** (and not alter or destroy) all documents and electronically stored information that may be related to the allegations set forth in the lawsuit.  The relevant time period for the records at issue in this case is believed to be November 1, 2011 to the present.

Pursuant to the Court's order on ValveTech's replevin claim (ECF No. 360), ValveTech intends to move for equitable relief on Aerojet's improper retention of ValveTech's proprietary information, including at minimum a motion for a permanent injunction, and therefore Aerojet must preserve all relevant materials through at least the resolution of ValveTech's request for equitable relief.  Please confirm in writing your compliance with this litigation hold.  Failure to do so will result in ValveTech's immediate request to the Court for reinstatement of a Temporary Restraining Order on an emergency basis.  This request will be based, in part, on the jury's confirmation that

Aerojet failed to comply with the terms of the Court's Protective Order that was the basis for ValveTech's withdrawal of the prior request for a Temporary Restraining Order. (*See* ECF No. 19-1.)

Aerojet Rocketdyne, Inc., an L3 Harris Technologies Company, is receiving this notice because it is in possession or control of documents, records, and/or electronically stored information that are relevant to post-trial proceedings for equitable relief, including. But not limited to specific performance and/or a permanent injunction. This is to notify Aerojet Rocketdyne, Inc., an L3Harris Technologies Company of its ongoing legal obligations to retain and preserve such information and non-exhaustively describe the steps that it must take to do so. Furthermore, and until ordered by the court or canceled in writing by agreement of the parties, all records management and/or destruction policies pertaining to the categories of records and documents described in this notice must be suspended and all such categories of documents must be retained and not altered or destroyed. Aerojet Rocketdyne, Inc., an L3Harris Technologies Company must make certain no potentially relevant documents are destroyed.

This is a continuing obligation. So, new documents, if created, must also be preserved.

## CATEGORIES OF DOCUMENTS AND INFORMATION TO BE PRESERVED

To assist you in determining what may be relevant to this matter, the following is a non-exclusive list of documents and/or electronically stored information that must be preserved:

- All documents relating to and/or identified in the Stipulation and Protective Order executed by the Hon. Frank P. Geraci, Jr. on December 13, 2017;

- All documents that relate in any way to the Allegations set forth in the Lawsuit;

- All ValveTech documents that Aerojet witnesses testified under oath they still were able to access;

- All documents and document repositories referenced in ValveTech's filing to the Court on its replevin claim (ECF No. 350 and 350-1); and

- All documents filed under seal in support of any filing in this action.

This Litigation Hold applies to documents and information currently in existence as well as those that may have been moved, altered, copied, abstracted, provided to others

and/or deleted from any system.  This includes any servers or other repositories of and/or under the control of L3Harris Technologies.

Also, do not assume ValveTech. Inc. has identified all categories of documents and information that should be preserved or have ruled out the relevance of other categories given Aerojet Rocketdyne's failure to identify all potential file names and/or locations of electronically stored information or hard copy documents.  Please consider whether there are additional categories of documents or information that may be relevant to the issues described above.  If Aerojet Rocketdyne, Inc., an L3Harris Technologies Company believes there are additional categories, please preserve those categories and inform counsel for ValveTech, Inc. immediately so a revised notice can be provided to others.

**POTENTIAL FORMAT AND LOCATION OF RELEVANT INFORMATION**

Aerojet Rocketdyne, Inc.'s legal obligation to retain and preserve documents and electronically stored information regarding the categories described above applies regardless of whether the information exists in paper or electronic form.  This includes, but is not limited to, the following:

- E-mail messages, voicemail messages, instant messages, correspondence, memoranda, handwritten notes, word processing files (e.g., MS Word, WordPerfect), spreadsheets, and PowerPoint presentations.

- Information located on the Company's network servers, back-up tapes, cloud storage, computer hard-drives, DVDs, CD-ROMs, floppy disks, USB flash/thumb drives, laptop computers, handheld or pocket PC's (*e.g.,* Android, iPhone, etc.) and/or other personal devices.

- Information located on an assistant's computer and/or third-party networks as well as information stored or located in a place other than the Company's facilities, such as a home, on removable media, on a non-Company computer, etc.

If Aerojet Rocketdyne, Inc., an L3Harris Technologies Company is uncertain as to whether to retain a document, please err on the side of preservation at this time.

**HOW TO PRESERVE DOCUMENTS AND INFORMATION**

Please follow the instructions below with respect to any documents or information in your possession or control which may be relevant to the Allegations:

- *Paper/Hard Copy Documents:* Continue to maintain the documents subject to this Litigation Hold as they are maintained in

the ordinary course of business. Do not destroy, modify, discard or otherwise disturb any potentially relevant documents, even if retention is not otherwise required by the Aerojet Rocketdyne, Inc.'s document retention policies and practices.

- *E-Mail:* Do not delete, modify, re-save or move to any location other than a "Business Records" folder any e-mails (including attachments) subject to this Litigation Hold located in a "Inbox," "Drafts," "Sent," and "Archive" folders, as well as any other similarly categorized folders or locations. Any relevant records located in a "Trash/Deleted Items" folders should be moved to a "Business Records" folder. If Aerojet Rocketdyne, Inc. sends or receives e-mail messages in the future that are subject to this preservation notice, those e-mail messages must be retained as well.

- *Company Network/File Servers:* Do not delete, modify, re-save or move any relevant documents and information located on the Company's network or file servers.

- *Workstation/Company-Provided Computer:* Do not delete, modify, re-save or move any relevant documents and information located on your workstation or Company-provided computer.

- *Portable Media:* Do not delete, modify, re-save or move any relevant documents and information located on floppy disks, CDs, DVDs, flash drives, portable hard drives, or any other portable storage media.

- *Personal Computers/E-Mail Accounts:* Do not delete, modify, re-save or move any relevant documents and information located on your home or personal computer and/or contained within any personal e-mail accounts.

## **<u>CONCLUSION</u>**

In summary, all steps should be immediately taken that are necessary to preserve all documents in the Company's possession, custody or control that relate in any way to the Allegations set forth in the Lawsuit or the categories described above. Aerojet Rocketdyne, Inc., an L3Harris Technologies Company's observance of these instructions and preservation of relevant documents and electronically stored information is mandatory.

Thank you for your cooperation.