# EXHIBIT B

| | |
|---|---|
| **From:** | Laurie Vahey |
| **To:** | Eisenberg, Michael B.; Anania, Mark H.; Ravis, Julie E.; Hogan, Paige C. |
| **Cc:** | Patariu, Kevin (SDO); Esterhay, John (SDO); Patrick D. Leavy; Bombach, Miguel J. (SDO); Gardner, Abigail (SDO); Felicity Gonzalez; Service; Megan Keymel |
| **Subject:** | RE: ValveTech v AerojetRocketdyne an L3 Harris Company |
| **Date:** | Wednesday, November 29, 2023 7:41:09 AM |
| **Attachments:** | image002.png<br>image003.png<br>image004.png |
| **Importance:** | High |

Mr. Eisenberg:

Your email is in conflict. You will not go back and forth, yet you will discuss if I want to discuss. As you know, this is your client's pattern of obstructionist conduct in this case. Asserting my client's legal rights is no threat and the Court was clear on the equitable nature of post-trial matters. Your client refused to comply with the Court's direction during the trial to identify files and locations. That was improper. Further, my client clearly preserved all rights relating to its information, including but limited to your client's ongoing violation of the 2017 Protective Order.

The request is reiterated for voluntary disclosure of the Aerojet Rocketdyne, an L3Harris Technologies Company internal hold notice. If one was not sent, please so state. Otherwise, your communications are a clear refusal to comply with not only the Order in place but the duly served hold notice. Thus, our client will proceed accordingly.

Laurie Vahey

**From:** Eisenberg, Michael B. <Michael.Eisenberg@stevenslee.com>
**Sent:** Wednesday, November 29, 2023 10:31 AM
**To:** Laurie Vahey <lvahey@vaheylaw.com>; Anania, Mark H. <Mark.Anania@stevenslee.com>; Ravis, Julie E. <julie.ravis@stevenslee.com>; Hogan, Paige C. <Paige.Hogan@stevenslee.com>
**Cc:** Patariu, Kevin (Perkins Coie) <KPatariu@perkinscoie.com>; Esterhay, John (Perkins Coie) <JEsterhay@perkinscoie.com>; Patrick D. Leavy <pleavy@vaheylaw.com>; Bombach, Miguel J. (Perkins Coie) <MBombach@perkinscoie.com>; Gardner, Abigail (Perkins Coie) <AGardner@perkinscoie.com>; Felicity Gonzalez <fgonzalez@vaheylaw.com>; Service <service@vaheylaw.com>; Megan Keymel <mkeymel@vaheylaw.com>
**Subject:** RE: ValveTech v AerojetRocketdyne an L3 Harris Company


Ms. Vahey:

You did not provide a list and I will not engage in a back and forth with you on this. We had jury instructions, a jury verdict, and an indication from the Court that it would receive briefing on the issue. Your threat of a temporary restraining order or other "temporary relief" is without merit. And your reference to me "feigning ignorance" is insulting and beneath the level of discourse required of counsel in ongoing litigation. We have maintained all along that any request must be limited to information for which ValveTech has <u>evidence</u> establishing that: the information was disclosed to

Aerojet Rocketdyne during the term of one of the two non-disclosure agreements and that the information was marked at the time of disclosure as proprietary. In view of the Court's adopted jury instructions, to which ValveTech did not raise an objection, that information must also fall within one of the six categories of alleged "trade secrets" expressly identified by the Court.

Again, if you would like to discuss, I will make myself available.

**Michael Eisenberg**
Shareholder

**Stevens & Lee**
485 Madison Avenue, 20th Fl.
New York, NY 10022
Office: 646-254-6381
Mobile: 917-693-9430
michael.eisenberg@stevenslee.com

---

**From:** Laurie Vahey <lvahey@vaheylaw.com>
**Sent:** Wednesday, November 29, 2023 9:24 AM
**To:** Eisenberg, Michael B. <Michael.Eisenberg@stevenslee.com>; Anania, Mark H. <Mark.Anania@stevenslee.com>; Ravis, Julie E. <julie.ravis@stevenslee.com>; Hogan, Paige C. <Paige.Hogan@stevenslee.com>
**Cc:** Patariu, Kevin (Perkins Coie) <KPatariu@perkinscoie.com>; Esterhay, John (Perkins Coie) <JEsterhay@perkinscoie.com>; Patrick D. Leavy <pleavy@vaheylaw.com>; Bombach, Miguel J. (Perkins Coie) <MBombach@perkinscoie.com>; Gardner, Abigail (Perkins Coie) <AGardner@perkinscoie.com>; Felicity Gonzalez <fgonzalez@vaheylaw.com>; Service <service@vaheylaw.com>; Megan Keymel <mkeymel@vaheylaw.com>
**Subject:** RE: ValveTech v AerojetRocketdyne an L3 Harris Company
**Importance:** High

Mr. Eisenberg:

Your client is in possession of the information that would lead to a complete list, and feigning ignorance is unproductive. You have a preliminary list as indicated in the hold itself.

May I propose that we start with your client's disclosure of its internal hold notice from 2017?

Further, can you please clarify what you mean by "seems improper given the nature of the jury instructions and the jury's verdict"?  I would ask for such clarification to consider and include the Court's directions to Aerojet and decision on replevin.

Thank you,
Laurie Vahey

---

**From:** Eisenberg, Michael B. <Michael.Eisenberg@stevenslee.com>
**Sent:** Tuesday, November 28, 2023 3:23 PM

**To:** Laurie Vahey <lvahey@vaheylaw.com>; Anania, Mark H. <Mark.Anania@stevenslee.com>; Ravis, Julie E. <julie.ravis@stevenslee.com>; Hogan, Paige C. <Paige.Hogan@stevenslee.com>
**Cc:** Patariu, Kevin (Perkins Coie) <KPatariu@perkinscoie.com>; Esterhay, John (Perkins Coie) <JEsterhay@perkinscoie.com>; Patrick D. Leavy <pleavy@vaheylaw.com>; Bombach, Miguel J. (Perkins Coie) <MBombach@perkinscoie.com>; Gardner, Abigail (Perkins Coie) <AGardner@perkinscoie.com>; Felicity Gonzalez <fgonzalez@vaheylaw.com>; Service <service@vaheylaw.com>; Megan Keymel <mkeymel@vaheylaw.com>
**Subject:** RE: ValveTech v AerojetRocketdyne an L3 Harris Company

Ms. Vahey:

I am in receipt of your letter. I request clarification of your demand, which seems improper given the nature of the jury instructions and the jury's verdict. At a minimum, we will require a list of <u>specific documents</u> that:

- disclosed one or more of the six identified technical concepts identified by the Court;
- was disclosed for the first time either during the term of either the 2011 NDA or 2017 NDA; <u>and</u>
- was marked with a proprietary stamp or legend at the time of disclosure.

The general "categories of documents and information" in your letter far exceed any possible scope of information that would fit within the confines of the recently completed trial. Indeed, having been present throughout trial, I do not recall a single document presented to the jury during trial that could colorably fit within the above definition. If you would like to discuss, I am available at your convenience.

**Michael Eisenberg**
Shareholder

**Stevens & Lee**
485 Madison Avenue, 20th Fl.
New York, NY 10022
Office: 646-254-6381
Mobile: 917-693-9430
michael.eisenberg@stevenslee.com

---

**From:** Laurie Vahey <lvahey@vaheylaw.com>
**Sent:** Tuesday, November 28, 2023 3:05 PM
**To:** Eisenberg, Michael B. <Michael.Eisenberg@stevenslee.com>; Anania, Mark H. <Mark.Anania@stevenslee.com>; Ravis, Julie E. <julie.ravis@stevenslee.com>; Hogan, Paige C. <Paige.Hogan@stevenslee.com>
**Cc:** Patariu, Kevin (Perkins Coie) <KPatariu@perkinscoie.com>; Esterhay, John (Perkins Coie) <JEsterhay@perkinscoie.com>; Patrick D. Leavy <pleavy@vaheylaw.com>; Bombach, Miguel J. (Perkins Coie) <MBombach@perkinscoie.com>; Gardner, Abigail (Perkins Coie) <AGardner@perkinscoie.com>; Felicity Gonzalez <fgonzalez@vaheylaw.com>; Service <service@vaheylaw.com>; Megan Keymel <mkeymel@vaheylaw.com>

**Subject:** ValveTech v AerojetRocketdyne an L3 Harris Company

Good Afternoon Counselors:

Attached find a litigation hold notice relating to the preservation of information pending the resolution of the equitable relief sought by ValveTech, Inc. Please note the following language:

> Pursuant to the Court's order on ValveTech's replevin claim (ECF No. 360), ValveTech intends to move for equitable relief on Aerojet's improper retention of ValveTech's proprietary information, including at minimum a motion for a permanent injunction, and therefore Aerojet must preserve all relevant materials through at least the resolution of ValveTech's request for equitable relief. **Please confirm in writing your compliance with this litigation hold.** Failure to do so will result in ValveTech's immediate request to the Court for reinstatement of a Temporary Restraining Order on an emergency basis. This request will be based, in part, on the jury's confirmation that Aerojet failed to comply with the terms of the Court's Protective Order that was the basis for ValveTech's withdrawal of the prior request for a Temporary Restraining Order. (*See* ECF No. 19-1.)

(Emphasis added).

Hopefully, the parties can agree to the hold in lieu of reinstatement of a TRO or other applicable temporary relief/court intervention. Please advise.

Respectfully,
Laurie Vahey



**Laurie A. Vahey**
Managing Member

**Phone**: 585-262-5130
**Fax:** 585-262-3474
**Email**: lvahey@vaheylaw.com

144 Exchange Boulevard, Suite 400
Rochester, New York 14614

**www.vaheylaw.com**

**\*\*PLEASE NOTE\*\*** Some staff members may be working remotely. If you call the office and leave a voice message, we will do our best to get back to you as soon as possible; however, written communication is preferred. Additionally, we request that if you do send us something via U.S. Mail, UPS, Federal Express, etc., if possible, please also send same via e-mail.

Our attorneys at the firm cannot accept scheduling requests via electronic correspondence unless one of the assistants is included in same – please include service@vaheylaw.com so that your request can be processed.

Thank you.**

This message is intended only for the addressees of the original message and may contain privileged and confidential matter.  If you have received it in error, please notify us by collect telephone call, delete the message, and do not transmit the message to any other person.

---

This email may contain privileged and confidential information and is solely for the use of the sender's intended recipient(s). If you received this email in error, please notify the sender by reply email and delete all copies and attachments. Thank you.

---

This email may contain privileged and confidential information and is solely for the use of the sender's intended recipient(s). If you received this email in error, please notify the sender by reply email and delete all copies and attachments. Thank you.