UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| VALVETECH, INC., | : |
| Plaintiff, | : |
| v. | :  Case No. 6:17-cv-06788-FPG-MJP |
| AEROJET ROCKETDYNE, INC., | : |
| Defendant. | : |

**PLAINTIFF VALVETECH, INC.'S MOTION TO MODIFY JUDGMENT
TO INCLUDE PRE-JUDGMENT INTEREST**

Pursuant to Fed. R. Civ. Proc. 59(e), and Cal. Civ. Code §§ 3287 and 3289, Plaintiff ValveTech, Inc. ("ValveTech") seeks to modify the judgment against Defendant Aerojet Rocketdyne, Inc., ("Aerojet") to include pre-judgment interest on the $850,000 in compensatory damages awarded by the jury for Aerojet's breach of contract, at the statutory rate of 10% running through the November 29, 2023 entry of judgment against Aerojet.  ECF No. 381.

I. INTRODUCTION

Under California law, which is the law that applies to ValveTech's breach of contract claims on which Aerojet was found liable, ValveTech is entitled to pre-judgment interest at the statutory rate of 10%.  Cal. Civ. Code § 3289.  ValveTech always stated it would seek pre-judgment interest in this matter, including in its pleadings.  *See* ECF No. 106 at 23 (Second Amended Complaint) (including "pre-judgment interest" in the demand for judgment).  ValveTech now submits this application to amend the judgment to include pre-judgment interest.

For the reasons discussed below, in breach of contract actions, pre-judgment interest is mandatory from the date of breach through judgment if the damages amount is "capable of being

1

made certain" under Cal. Civ. Code § 3287(a).  This amount is **$587,547.97.**  If, however, the Court determines the damages amount is not "capable of being made certain," pursuant to Cal. Civ. Code § 3287(b), the Court should apply pre-judgment interest from the November 2, 2017 filing of the complaint instead, which amounts to **$516,520.52** through judgment.[1]

## II.     LEGAL STANDARDS

"The awarding of prejudgment interest is considered a question of substantive law." *Schwimmer v. Allstate Ins. Co.*, 176 F.3d 648, 650 (2d Cir. 1999) ("state law applies to calculation of prejudgment interest on supplemental state law claims"); *see also Mutuelles Unies v. Kroll & Linstrom*, 957 F.2d 707, 714 (9th Cir.1992) ("In diversity jurisdiction, state law governs all awards of prejudgment interest.").  Here, California law applies to the breach of contract claims on which ValveTech prevailed, so California law governs pre-judgment interest as well.  *See* ECF No. 25 at 5-8.  A motion to amend judgment under Fed. R. Civ. P. 59(e) is the appropriate procedural mechanism to request pre-judgment interest.  *See, e.g., Egelhoff v. P. Lightwave*, No. CV1204745RGKDTBX, 2013 WL 12125433, at *1 (C.D. Cal. Nov. 20, 2013) ("Plaintiffs argue that the Court should amend the judgment to include prejudgment interest because Plaintiffs are entitled to prejudgment interest pursuant to California law. The Court agrees.").

"According to California statute, prejudgment interest on a breach of contract claim begins to run from the date of injury if the damages are certain, but from no earlier than the date of the complaint if the damages are uncertain." *Id.* at *2 (citing Cal. Civ. Code § 3289).  "If the contract 'does not stipulate a legal rate of interest,' then the interest rate is '10 percent per annum after a breach.'"  *Copart, Inc. v. Sparta Consulting, Inc.*, 339 F. Supp. 3d 959, 1001 (E.D. Cal. 2018)

---

[1] ValveTech is also entitled to post-judgment interest "from the date of entry of judgment." 28 U.S.C. § 1961.  However, ValveTech does not believe that post-judgment interest needs to be set forth in the judgment itself, as it is obtainable upon satisfaction of the judgment regardless of whether the judgment explicitly provides for it.

(quoting Cal. Civ. Code § 3289(b)).  Here, neither contract that was breached specifies a legal rate of interest, making the rate 10%.  (*See generally* PTX-341, PTX-342.[2])

"Under California Civil Code § 3287(a), prejudgment interest is mandatory for 'every person who is entitled to recover damages certain, or capable of being made certain by calculation.'" *Trishan Air, Inc. v. Dassault Falcon Jet Corp.*, No. CV 08-7294-VBF(JTLX), 2011 WL 13177258, at *9 (C.D. Cal. July 29, 2011), *aff'd*, 532 Fed. Appx. 784 (9th Cir. 2013) (quoting Cal. Civ. Code § 3287(a)). "Damages are deemed certain or capable of being made certain within section 3287, subdivision (a), where there is essentially no dispute between the parties concerning the basis of imposition of damages that are recoverable but where the dispute centers on the issue of liability giving rise to the damage." *Id.* (quoting *Stein v. Southern Cal. Edison Co.*, 7 Cal. App. 4th 565, 571 (1992)).

If the damages amount is not capable of being made certain, "California Civil Code section 3287(b) states, 'Every person who is entitled under any judgment to receive damages based upon a cause of action in contract where the claim was unliquidated, may also recover interest thereon from a date prior to the entry of judgment as the court may, in its discretion, fix, but in no event earlier than the date the action was filed.'" *Id.* at *10 (quoting Cal. Civ. Code § 3287(b)).

"Courts may consider a variety of factors in determining an award of prejudgment interest under Section 3287(b), including (1) whether the party seeking interest was at fault for any delay in resolution of the case; (2) whether interest penalizes the defendant for litigating a bona fide dispute; and (3) whether the defendant refused a definite demand for settlement at the outset." *Copart*, 339 F. Supp. 3d at 1001 (internal quotations omitted).  "An award of prejudgment interest

---

[2] It is ValveTech's understanding that the Court has copies of the trial exhibits, which are not re-enclosed here.  ValveTech is happy to submit copies of the exhibits should the Court require and would do so under seal.

is intended to make the plaintiff whole "for the accrual of wealth which could have been produced during the period of loss.'" *Wisper Corp. v. California Commerce Bank*, 49 Cal. App. 4th 948, 958, 57 Cal.Rptr.2d 141 (1996) (citation omitted). California Civil Code § 3287 "should be broadly interpreted to provide just compensation to the injured party for loss of use of money during the prejudgment period." *Gourley v. State Farm Mut. Auto. Ins. Co.*, 53 Cal. 3d 121, 132, 3 Cal.Rptr.2d 666, 822 P.2d 374 (1991).

### III. ARGUMENTS

#### A. Pre-Judgment Interest Under Cal. Civ. Code § 3287(a).

If the Court determines that the damages amount was "capable of being made certain" under Cal. Civ. Code § 3287(a), pre-judgment interest is mandatory from the date of the breach of contract through the entry of judgment. The date of the breach was in "early 2017," when Aerojet first exceeded the 2011 Non-Disclosure Agreement's limitation on the use of ValveTech's Proprietary Information by using ValveTech's information in pursuit of Aerojet's design and qualification of its own competing valve design. *See* ECF No. 371 (Nov. 15, 2023 Trial Transcript) at 21:22-22:12 (ValveTech damages expert testifying when the date of the breach was for the purpose of calculating breach of contract damages); *see also id.* at 75:13-25.

The $850,000 compensatory damages are "capable of being made certain" because that is what the jury awarded in its verdict and what has been included in the judgment. ECF No. 381 at 2. The mere fact the parties previously disputed damages does not render the amount uncertain: "The existence of a bona fide dispute between the parties as to the amount owing under an express contract does not render the sum unliquidated." *In re Morlas*, No. 09-CV-695-JAM-DAD, 2010 WL 3069926, at *3 (E.D. Cal. Aug. 5, 2010) (citing *Nat'l Farm Workers Serv. Ctr. v. M. Caratan*, 146 Cal.App.3d 796, 810–12, 194 Cal.Rptr. 617 (Cal.App. 5th Dist.1983), internal citations omitted). The fact that ValveTech originally sought greater damages also does not render the

amount uncertain: "Even if the plaintiff is awarded less than the amount sought, the excessive prayer should not serve to defeat an award of pretrial interest, as plaintiff is merely safeguarding their interests." *Id.*

10% interest on $850,000 from January 1, 2017 to November 29, 2023 results in **$587,547.97** in pre-judgment interest.

### B.  Pre-Judgment Interest Under Cal. Civ. Code § 3287(b).

If, however, the Court determines the $850,000 in compensatory damages found by the jury to be not "capable of being made certain," the Court should award pre-judgment interest from the November 2, 2017 filing of the complaint. ECF No. 1-3. Cal. Civ. Code § 3287(b) specifies pre-judgment interest for unliquidated amounts shall run "from a date prior to the entry of judgment as the court may, in its discretion, fix, but in no event earlier than the date the action was filed." Here, it is appropriate for the Court to set that date as the November 2, 2017 filing of the complaint.

As noted above, the factors for the Court to consider when setting the date from which pre-judgment interest runs are "(1) whether the party seeking interest was at fault for any delay in resolution of the case; (2) whether interest penalizes the defendant for litigating a bona fide dispute; and (3) whether the defendant refused a definite demand for settlement at the outset." *Copart*, 339 F. Supp. 3d at 1001 (internal quotations omitted). The first factor weighs strongly in ValveTech's favor because ValveTech has always diligently litigated this case to conclusion. In fact, ValveTech has always been clear it was seeking trial as soon as possible. To the extent there has been any delay due to a party's conduct, it was caused by the aggressive motion practice of Aerojet, including: removing the case from state court to Federal Court at the outset (ECF No. 1); filing serial rounds of motions to dismiss that did not end up narrowing the case in any meaningful way (ECF Nos. 20, 51, 73); a failed attempt to oppose ValveTech's reasonable amendment of the

complaint (ECF No. 101); unreasonably opposing ValveTech's efforts to depose Aerojet witnesses and obtain key discovery (ECF No. 139); and filing a failed motion for summary judgment. (ECF No. 184). Each of these actions by Aerojet caused significant additional delay that could have been avoided.

With regard to the second factor, applying pre-judgment interest from the filing of the complaint would not penalize Aerojet for litigating a bona fide dispute. Notably, throughout the case, ValveTech requested far more in damages than the jury ultimately awarded. ValveTech's damages request prior to trial exceeded $50 million (ECF No. 264-3), and the damages amount ValveTech was permitted to present at trial after the Court's ruling on a motion *in limine* (ECF No. 334) still exceeded $10 million. *See* ECF No. 371 (Nov. 15, 2023 Trial Transcript) at 48:15-49:7. Yet the jury only awarded $850,000. Thus, pre-judgment interest on that much smaller award is not a penalty to Aerojet for litigating, as Aerojet has already reached a more favorable result from litigating this matter—even with pre-judgment interest included with the jury verdict—than it would have achieved without litigating. *See, e.g.*, *Copart*, 339 F. Supp. 3d at 1003 ("the court finds prejudgment interest based on the jury's award of $4.88 million instead of Sparta's requested award of more than $12 million would not result in penalizing Copart to the extent it did litigate a bona fide dispute"). Furthermore, it was clear from the jury's verdict form that it sought to award more damages to ValveTech but was confused by the various damages blanks in the verdict form. *See* ECF No. 376 at 4 (including numbers in the damages blanks that added to almost $4 million). Thus, there is no logical basis for Aerojet to argue that applying pre-judgment interest to the date of the filing of the complaint, as permitted by statute, is a "penalty."

Finally, for the third factor, and probably most importantly for this analysis, ValveTech sought to settle this case prior to litigation in the summer of 2017, but Aerojet not only refused to

meaningfully engage, it misled ValveTech about the return of ValveTech's Proprietary Information that is the subject of the jury's breach of contract verdict. Specifically, after ValveTech asked for its information back in July 2017, Aerojet told ValveTech that "[a]ny IP that remains in electronic form will be deleted from our servers and desktops." Plaintiff's Trial Exhibit 62 at 2. As now has been proven at trial, this was a lie. Aerojet did not delete ValveTech's Proprietary Information. Instead, its lead valve designer continued to access that information through at least his 2021 deposition. PTX 376 at 92:21-94:03.

Moreover, as discussed in more detail in ValveTech's contemporaneously-filed motion for permanent injunction, when ValveTech filed this case in November 2017, it requested and initially obtained a temporary restraining order. ECF No. 8. But as an alternative to the temporary restraining order, the parties ultimately agreed in December 2017 to a protective order that required Aerojet to provide ValveTech's Proprietary Information to a third-party escrow. ECF No. 19-1 at § 8. The escrow account was designed to prevent Aerojet from accessing the information absent ValveTech's consent or a Court order. *Id.* Furthermore, Aerojet was obliged to "request that its relevant engineers, officers, and employees that worked on analysis, integration, and testing of VTI valves on the CCiCap or CCtCap programs delete the files from their local computer hard disks and emails folders." *Id.* But Aerojet never complied with this obligation and continues to improperly retain ValveTech's Proprietary Information to this day. Given Aerojet's repeated misrepresentations in 2017 about the existence of ValveTech Proprietary Information at Aerojet, it is only proper for pre-judgment interest to run from the November 2, 2017 filing of the complaint.

Finally, during the parties' pre-litigation negotiations in the summer of 2017, ValveTech did attempt to come to a negotiated resolution with Aerojet, but to no avail. Uncontroverted

witness testimony at trial confirmed ValveTech made a request for a license with "a monetary ask from ValveTech" in or around April of 2017 that Aerojet Rocketdyne immediately "killed." ECF No. 345 (Nov. 7, 2023 Trial Transcript) at 137:11-21. Aerojet never even made a settlement offer in this matter until less than a month before trial, instead repeatedly telling ValveTech during the summer of 2017 that "you will lose." *Id.* at 167:2-11. This kind of refusal to meaningfully engage in settlement negotiations supports an application of pre-judgment interest from the filing of the complaint. *See, e.g.*, *Copart*, 339 F. Supp. 3d at 1002 (applying pre-judgment interest where a party "refused a definite demand for settlement before litigation occurred").

The complaint was filed on November 2, 2017. ECF No. 1-3. 10% interest on $850,000 from November 2, 2017 to November 29, 2023 results in **$516,520.52** in pre-judgment interest.

## IV.  CONCLUSION

For the foregoing reasons, ValveTech respectfully requests modification of the judgment to include pre-judgment interest in the amount of either **$587,547.97** or **$516,520.52**, depending on whether the Court finds the damages amount was "capable of being made certain."

8

Dated:  December 27, 2023

By:*/ s/ John D. Esterhay*
Laurie A. Vahey
Vahey Law Offices PLLC
144 Exchange Blvd., Suite 400
Rochester, New York 14614
Tel: 585-262-5130
lvahey@vaheylaw.com

Kevin J. Patariu
John D. Esterhay
Miguel J. Bombach
Abigail A. Gardner
Perkins Coie LLP
11452 El Camino Real, Suite 300
San Diego, CA  92130-2080
Telephone: (858) 720-5700
Fax: (858)720-5799
KPatariu@perkinscoie.com
JEsterhay@perkinscoie.com
MBombach@perkinscoie.com
AGardner@perkinscoie.com

Attorneys for Plaintiff
VALVETECH, INC.