# EXHIBIT 1



November 12, 2023

**Via Email**
Honorable Frank P. Geraci, Jr.
United States District Judge
U.S. Courthouse
100 State Street,
Rochester, New York 14614

      **Re:**    *Valvetech, Inc. v. Aerojet Rocketdyne, Inc.*
                <u>Case No.: 6:17-cv-06788-FPG-JWF</u>

Dear Judge Geraci:

     As you know, we are co-counsel with Perkins Coie LLP and represent Plaintiff ValveTech, Inc. ("ValveTech") in the above-referenced matter. We write with respect to the Court's November 7, 2023 email pertaining to items at issue in ValveTech's replevin claim. ValveTech seeks the return of its property and/or the property's replacement value measured at the time of trial, including the following:

- Valvetech data packages;
- Invoices (which includes ValveTech's pricing information);
- Electronic correspondence with Valvetech;
- ValveTech drawings;
- ValveTech schematics;
- ValveTech parts lists;
- ValveTech material documents;
- ValveTech analysis documents;
- ValveTech CAD drawings, files, including reproductions in whole or in part;
- ValveTech assembly documents and/or instructions for ValveTech propellant isolation valve and/or the OMAC program valve(s);
- Valvetech property provided to outside entities concerning Plaintiff's propellant isolation valve and/or the OMAC Program valve(s);
- ValveTech components and/or parts and/or valves; and
- Test results concerning the ValveTech propellant isolation valve and/or the ValveTech OMAC program valve.

ValveTech also submits that all documents, communications, and files contained in Defendant Aerojet Rocketdyne, Inc.'s ("Aerojet")'s server, cloud, and/or storage system that are ValveTech's confidential, proprietary, and/or trade secrets must be returned, including the documents, communications, and files contained in "R:\NASA Exploration Systems\Boeing Commercial Crew Program\11000 CCiCap CDR NRE-7R\11100 Press & 11200 Prop System\Supplier information\Valvetech." *See* Plaintiff's Ex. 118.

ValveTech submits that it is entitled to the return of its property and/or the property's replacement value measured at the time of trial, including where its property has been copied, referenced, or incorporated into electronic or hardcopy files/documents. In addition, ValveTech seeks the deletion of its property shared with any outside entity, as well as the identification and certification of deletion. ValveTech has further sought permanent injunctive relief, (ECF 106, Wherefore Clause), to prevent use of any derivative design and/or its information, including derivative design drawings, derivative design recorded information, and derivative data or record information.

Finally, ValveTech submits that Aerojet's contention made during trial that replevin is solely an equitable remedy and that it does not permit punitive damages is incorrect. *See* N.Y. Pattern Jury Instr.--Civil 3:10 (stating that the plaintiff may "accept the return of the property," "damages," "plus punitive damages if warranted"); *see also* PJI 3:10 (stating "[r]eplevin and conversion are both remedies at law, and thus there is a right to a jury trial for both causes of action").

        Respectfully submitted,

        *Laurie A Vahey*

        Laurie A. Vahey

cc:    Michael B. Eisenberg, Esq. (via email)
       Mark H. Anania, Esq. (via email)
       Julie E. Ravis, Esq. (via email)
       Paige C. Hogan (via email)
       Brian Gilchrist (via email)