UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| VALVETECH, INC., | : |
| Plaintiff, | : |
| v. | : |
| AEROJET ROCKETDYNE, INC., | : Case No. 6:17-cv-06788-FPG-MJP |
| Defendant. | : |
| | : |

## [PROPOSED] ORDER GRANTING MOTION FOR PERMANENT INJUNCTION

THIS MATTER came before the Court on Plaintiff ValveTech, Inc.'s ("ValveTech") Motion for Permanent Injunction ("Motion") against Defendant, Aerojet Rocketdyne, Inc. ("Aerojet").

The Court has considered all papers submitted regarding the motion, and for good cause shown, including that ValveTech has proven the elements of a cause of action involving the wrongful act sought to be enjoined as found by the jury's verdict that Aerojet breached the 2011 and 2017 Non-Disclosure Agreements, and that ValveTech has proven the grounds for equitable relief, including inadequacy of the remedy at law:

The Court hereby **ORDERS** that ValveTech's motion for a permanent injunction is hereby **GRANTED** and that ValveTech is awarded all relief requested therein.

Defendant Aerojet, and all of Aerojet's officers, agents, distributors, servants, employees, consultants, representatives, parent companies, owners, subsidiaries, affiliates, attorneys, and other

persons acting in concert with them who receive actual notice of this Permanent Injunction by personal service or otherwise (together, the "Enjoined Persons") are hereby enjoined as follows:

- The Enjoined Persons are prevented from disclosing or using ValveTech Proprietary Information, including where its Proprietary Information has been copied, referenced, or incorporated into electronic or hardcopy files/documents;
- The Enjoined Persons are prevented from using ValveTech Proprietary Information and/or derivatives thereof for purposes of qualification and sale of Aerojet's engine;
- The Enjoined Persons are required to return all ValveTech Proprietary Information to ValveTech, including where its Proprietary Information has been copied, referenced, or incorporated into electronic or hardcopy files/documents;
- The Enjoined Persons are required to delete of all ValveTech Proprietary Information shared with any outside entity, and provide identification and certification of deletion; and
- The Enjoined Persons are required to exercise all contractual rights to seek return of any ValveTech Proprietary Information disclosed to third parties.

Within thirty (30) days of the effective date of this Permanent Injunction, Aerojet shall identify and collect any property or information of ValveTech from all servers, email servers, computers, hard drives, devices, document management systems, files, and storage media (including, without limitation, USB drives, network-based storage, and cloud-based storage) in the possession, custody, or control of Aerojet, including, without limitation, any property or information in the possession, custody, or control of any employee of Aerojet who worked on the OMAC isolation valve. As part of such identification and collection, Aerojet shall identify all Enjoined Persons who at any time had access to information from ValveTech.

Aerojet must file a signed, sworn declaration certifying compliance with this Permanent Injunction within seven (7) business days after the respective deadlines, with a detailed summary of each step taken to comply with the Permanent Injunction.

The Court further **ORDERS** forensic discovery into the locations of all ValveTech Proprietary Information within Aerojet's files and any third-party recipients of ValveTech Proprietary Information. Aerojet shall bear the costs of such forensic discovery, which is to begin within thirty (30) days of Aerojet's aforementioned disclosure.

Dated: _____ _____
Hon. Frank P. Geraci, Jr.
Chief United States District Judge