## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| VALVETECH, INC., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) CASE NO. 6:17-cv-06788-FPG-MJP |
| | ) |
| AEROJET ROCKETDYNE, INC., | ) |
| | ) |
|     Defendant. | ) |
| | ) |
| | ) |

**DEFENDANT AEROJET ROCKETDYNE, INC.'S OPPOSITION TO
VALVETECH, INC.'S MOTION FOR A PRELIMINARY INJUNCTION**

**TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................................................1

II. LEGAL STANDARDS ..........................................................................................................3

    A. Choice of Law ...............................................................................................................3

    B. Standards Applicable to the Grant or Denial of a Preliminary Injunction ...........3

    C. Standards Applicable to a Preliminary Injunction Order ......................................5

III. ARGUMENT .........................................................................................................................6

    A. ValveTech's Allegation that Aerojet Rocketdyne Violated the Protective Order Is Without Merit ..................................................................................................6

    B. ValveTech's Untimely Motion Effectively Moots the Relief Requested .................7

    C. The Relief Requested Cannot Be Reconciled with the Underlying Nature of ValveTech's Claims .................................................................................................8

    D. The Jury's Award of Compensatory Damages Obviates ValveTech's Request for Additional Equitable Relief ....................................................................10

    E. ValveTech's Proposed Injunctive Order Is Procedurally Flawed ........................11

    F. Any Grant of Injunctive Relief Must Be Tethered to the Two Claims on which ValveTech Prevailed at Trial ...........................................................................13

IV. CONCLUSION ...................................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Baker's Aid, a Div. of M. Raubvogel Co. v. Hussmann Foodservice Co.*,
   830 F.2d 13 (2d Cir. 1987)......................................................................................................3

*Bank of America, N.A. v. Yi*,
   294 F. Supp. 3d 62 (W.D.N.Y. 2018) ...................................................................................4,5

*Brenntag Int'l Chems., Inc. v. Bank of India*,
   175 F.3d 245 (2d Cir. 1999)....................................................................................................4

*Citibank N.A. v. Citytrust*,
   756 F.2d 273 (2d Cir. 1985)....................................................................................................7

*Corning Inc. v. PicVue Elec., Ltd.*,
   365 F.3d 156 (2d Cir. 2004)..........................................................................................5,12,13

*Diapulse Corp. of Am. v. Carba, Ltd.*,
   626 F.2d 1108 (2d Cir.1980)...................................................................................................6

*eBay, Inc. v. MercExchange, L.L.C.*,
   547 U.S. 388 (2006)................................................................................................................5

*Faiveley Transp. Malmo AB v. Wabtec Corp.*,
   559 F.3d 110 (2d Cir. 2009)........................................................................................4,9,10,11

*Gazzola v. Hochul*,
   645 F. Supp. 3d 37 (N.D.N.Y. 2022), *aff'd*, No. 22-3068-CV,
   2023 WL 8494188 (2d Cir. Dec. 8, 2023) ............................................................................11

*Int'l Ass'n of Machinists and Aerospace Workers, AFL-CIO v. E. Air Lines, Inc.*,
   847 F.2d 1014 (2d Cir. 1988)..................................................................................................8

*Int'l Longshoremen's Ass'n, Local 1291 v. Philadelphia Marine Trade Ass'n*,
   389 U.S. 64 (1967)..................................................................................................................6

*Nemer Jeep-Eagle, Inc. v. Jeep-Eagle Sales Corp.*,
   992 F.2d 430 (2d Cir. 1993)....................................................................................................9

*Perfect Fit Indus., Inc. v. Acme Quilting Co.*,
   646 F.2d 800 (2d Cir. 1981)....................................................................................................3

*Petrello v. White*,
   533 F.3d 110 (2d Cir. 2008)....................................................................................................8

*Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp, LLC*,
    813 F. Supp. 2d 489 (S.D.N.Y. 2011) ...................................................................................9

*Reis, Inc. v. Spring11 LLC*,
    No. 15 CIV. 2836 (PGG), 2016 WL 5390896 (S.D.N.Y. Sept. 26, 2016) ...............................9

*Salinger v. Colting*,
    607 F.3d 68 (2d Cir. 2010) ....................................................................................................5

*Sanders v. Air Lines Pilots Ass'n, Int'l*,
    473 F.2d 244 (2d Cir. 1972) .......................................................................................6,11,13

*Schmidt v. Lessard*,
    414 U.S. 473 (1974) ........................................................................................................6,13

*New York ex rel. Schneiderman v. Actavis PLC*,
    787 F.3d 638 (2d Cir. 2015) .............................................................................................4,10

*Sharp v. Ally Fin., Inc.*,
    328 F. Supp. 3d 81 (W.D.N.Y. 2018) ....................................................................................5

*Sole v. Wyner*,
    551 U.S. 74 (2007) .........................................................................................................12,13

*Waldman Pub. Corp. v. Landoll, Inc.*,
    43 F.3d 775 (2d Cir. 1994) ....................................................................................................6

*Westchester Fire Ins. Co. v. DeNovo Constructors, Inc.*,
    177 F. Supp. 3d 810 (S.D.N.Y. 2016) .................................................................................11

*Winter v. Nat. Res. Def. Council, Inc.*,
    555 U.S. 7 (2008) .....................................................................................................3,4,8,10

**Federal Statutes**

28 U.S.C.A. § 1292(a)(1) .................................................................................................................4,8

**Rules**

Fed. R. Civ. P. 1 ...............................................................................................................................7

Fed. R. Civ. P. 65(d) .................................................................................................................5,12,13

## I. INTRODUCTION

The issues raised by ValveTech were effectively resolved long ago by agreement of the parties. At the very outset of this case, ValveTech raised essentially the same request to protect its "proprietary information" in a motion for a preliminary injunction. (ECF No. 7-2.) The parties agreed to a protective order to address ValveTech's concerns (ECF No. 18-1), which the Court entered on December 13, 2017 (ECF No. 19-1 (hereinafter "Protective Order")). Under that order, Aerojet Rocketdyne agreed to: (1) search specific locations for a set of over 300 "check-marked" documents identified by ValveTech; (2) delete any such documents that were found; and (3) have relevant employees to do the same. (ECF No. 19-1 at §8.1.) Aerojet Rocketdyne further agreed that, in the event any additional copies were found, they would also be deleted. (*Id.* at §8.1(7).) Although the relevant internal communications (which were conducted by and/or at the instruction of counsel) are privileged, Aerojet Rocketdyne confirms that it complied with the terms of the Protective Order. Now, following the completion of trial, ValveTech asserts that the Protective Order and *status quo* are no longer acceptable. Instead, without reference to the existing order, ValveTech asserts that the Court should instead order Aerojet Rocketdyne to retain rather than delete any additional copies of the disputed documents that may be found. The Court should reject this unsupported demand, which would require vacating the existing Protective Order.

ValveTech was able to inquire into compliance with the Protective Order during discovery but has presented no evidence of non-compliance. Instead, ValveTech presents new issues that could have been raised either before or during trial. In the hopes of avoiding this untimely post-trial dispute (and consistent with the side-bar discussions with the Court during trial), Aerojet Rocketdyne repeated the activities called for under the Protective Order, including searching the identified locations and confirming that its employees should not have access to the materials that ValveTech designated as protected under the 2011 and 2017 non-disclosure agreements. Thus,

Aerojet Rocketdyne continues to comply with the Court's Protective Order and has been proactive in its efforts to ensure that its employees do not have access to the disputed materials. For this additional reason, ValveTech's request for post-trial equitable relief should be denied.

As to the merits of ValveTech's motion, the basis for relief repeats the same erroneous interpretation of its contract claims that it relied upon throughout pretrial and during trial – that the underlying agreements require the "return" of "proprietary information." Instead, those agreements unambiguously provide for return or destruction. ValveTech's demand that the Court prohibit deletion, therefore, is in direct conflict with both the contractual basis for its claims and the existing Protective Order. Indeed, ValveTech nowhere explains how it could be harmed by the deletion of information that it claims should have been returned or deleted years ago. To the extent that ValveTech's intention is to reopen discovery or assert new claims after trial, at a minimum, it should be called upon to explain a proper procedural basis for the unconventional relief it seeks (*i.e.*, a post-trial preliminary injunction to preserve information).

ValveTech's request should also be rejected as conflicting with the fundamental basis for equitable relief – the unavailability of monetary compensation as an adequate remedy. Here, ValveTech sought "expectation damages" based on the theory that ValveTech should be made "whole as if the contract[s] had been performed." (Trial Tr. Day 7 (Nov. 15, 2023) at 19:21-23.) ValveTech's damages expert referred to this theory as "lost profits." (*Id.* at 20:6-16.) The jury's award significantly exceeded ValveTech's alleged loss as of the time for trial, and therefore, necessarily encompasses compensation for future conduct. Having received an award encompassing compensation for events that may yet occur (loss of potential valve sales), ValveTech cannot credibly claim that further equitable relief is required to make it whole.

Finally, ValveTech's proposed preliminary relief is procedurally improper, overbroad, and

2

insupportably vague. Rather than a proper proposed order that ties its request to the narrow legal theories on which it prevailed, ValveTech's submission improperly incorporates by reference a separate document entitled "Written Notice of Legal Hold." That document falsely implies that Aerojet Rocketdyne does not have an existing legal hold. In fact, Aerojet Rocketdyne has had a litigation hold in place since the beginning of this litigation (albeit subject to the terms of the Protective Order). Moreover, the proposed "Written Notice of legal Hold," in turn, encompasses "a non-exhaustive list of [categories of] documents and/or electronically stored information that must be preserved." (ECF No. 383-3 at 3.) The categories comprise five broad and vague bullet points including "[a]ll documents that <u>relate in any way</u> to the Allegations set forth in the Lawsuit." *Id.* (emphasis added). The scope of relief ValveTech proposes is neither justified nor reasonable.

## II.     LEGAL STANDARDS

### A.     Choice of Law

Although ValveTech's contract claims arise under California law, under Second Circuit precedent federal law controls the grant or deny equitable relief. *Baker's Aid, a Div. of M. Raubvogel Co. v. Hussmann Foodservice Co.*, 830 F.2d 13, 15 (2d Cir. 1987) ("The question whether a preliminary injunction should be granted is generally one of federal law even in diversity actions[.]"); *Perfect Fit Indus., Inc. v. Acme Quilting Co.*, 646 F.2d 800, 806 (2d Cir. 1981) (same). The controlling legal standards, therefore, should be found in the law of the Second Circuit.

### B.     Standards Applicable to the Grant or Denial of a Preliminary Injunction

"A preliminary injunction <u>is an extraordinary remedy never awarded as of right</u>." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (emphasis added). A four-factor test applies to a plaintiff's request for a preliminary injunction: "[1] that [it] is likely to succeed on the merits, [2] that [it] is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in [its] favor, and [4] that an injunction is in the public interest." *Id.* at 20. Whether

to grant a preliminary injunction is a matter of discretion (*id.*) and is subject to immediate appeal, *see* 28 U.S.C.A. § 1292(a)(1).

Among the above quoted factors, "irreparable harm is <u>the single most important prerequisite</u> for the issuance of a preliminary injunction." *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (emphasis added, internal quotation marks and citation omitted). "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 24. Instead "[i]rreparable harm is injury that is neither remote nor speculative, but actual and imminent and <u>that cannot be remedied by an award of monetary damages</u>." *New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 660 (2d Cir. 2015) (emphasis added, internal quotation marks omitted); *see also Faiveley*, 559 F.3d at 118 ("Where there is an adequate remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances."). Indeed, "[t]he premise of [a] preliminary injunction is that the remedy available at the end of trial will not make the plaintiff whole." *Brenntag Int'l Chems., Inc. v. Bank of India*, 175 F.3d 245, 250 (2d Cir. 1999). A plaintiff seeking equitable relief, therefore, must explain why monetary remedies are insufficient. *Faiveley*, 559 F.3d at 118.

One final note on the proper legal standard. The sole case ValveTech cites in its memorandum is *Bank of America, N.A. v. Yi*, 294 F. Supp. 3d 62 (W.D.N.Y. 2018). According to ValveTech, under the standard expressed in *Yi*, a plaintiff may "establish either a likelihood of success on the merits or that the balance of equities tip toward [it]." (ECF No. 383-1 at 3 (emphasis omitted) (citing *Yi*, 294 F. Supp. 3d at 76).) Aerojet Rocketdyne disputes this erroneous statement of law for at least two reasons. First, the cited decision makes clear that "[c]ourts in this Circuit

4

generally permit a movant who has established irreparable harm to demonstrate either 'a likelihood of success on the merits, or . . . sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief." *Yi*, 294 F. Supp. 3d at 76. The assertion that it is sufficient to merely establish that the "equities tip toward ValveTech", therefore, is false. *Id.* More importantly, the Second Circuit has called into question the vitality of the standard expressed in *Yi* based on the Supreme Court's decision in *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006). *See Salinger v. Colting*, 607 F.3d 68, 76 (2d Cir. 2010) (rejecting the either/or standard in the context of copyright claims). Instead, the Court held that "*eBay* strongly indicates that the traditional principles of equity it employed are the presumptive standard for injunctions in any context." *Id.* at 78 (emphasis added). This Court should reject the more permissive standard expressed in *Yi*, which is not binding precedent. *Sharp v. Ally Fin., Inc.*, 328 F. Supp. 3d 81, 97 (W.D.N.Y. 2018) ("the decisions of district courts, even those located within the same district, are not binding on other district courts"). Instead, the Court should apply the *eBay* standard. *See Salinger*, 607 F.3d at 78.

      **C.**     **Standards Applicable to a Preliminary Injunction Order**

Even if the equitable standard for granting a preliminary injunction is met, additional limitations exist regarding contents and scope. *See* Fed. R. Civ. P. 65(d) ("[e]very order granting an injunction and every restraining order must: (A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required."); *see also Corning Inc. v. PicVue Elec., Ltd.*, 365 F.3d 156, 158 (2d Cir. 2004) (vacating a preliminary injunction directed to trade secrets and copyrighted works for failure to identify the specific secrets or works within "the four corners of the order"). Thus, "[a] court is required to frame its orders so that those who must obey them will know what the court intends to forbid." *Diapulse Corp. of Am. v. Carba, Ltd.*, 626 F.2d 1108,

5

1111 (2d Cir.1980) (quoting *Int'l Longshoremen's Ass'n, Local 1291 v. Philadelphia Marine Trade Ass'n*, 389 U.S. 64, 76 (1967); *see also id.* (citing *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974), for the proposition that "[b]asic fairness requires that those enjoined receive explicit notice of precisely what conduct is outlawed."). Thus, "[i]njunctive relief should be narrowly tailored to fit specific legal violations . . . [and] should not impose unnecessary burdens on lawful activity." *Waldman Pub. Corp. v. Landoll, Inc.*, 43 F.3d 775, 785 (2d Cir. 1994) (emphasis added, citation omitted). The failure to propose a proper order is alone sufficient grounds to deny relief. *Sanders v. Air Lines Pilots Ass'n, Int'l*, 473 F.2d 244, 247 (2d Cir. 1972).

## III. ARGUMENT

### A. ValveTech's Allegation that Aerojet Rocketdyne Violated the Protective Order Is Without Merit

ValveTech asserts that "Aerojet violated the Protective Order." (ECF No. 383-1 at 2.) Aerojet Rocketdyne disputes that allegation, which was provided without citation to the record. To the extent that ValveTech has evidence of such of violation that it adduced during trial, it should have raised that issue with the Court during trial. And if, instead, ValveTech believes that the evidence was uncovered during discovery[1] (which concluded years ago), then post-trial is not a proper time to air its grievance. Regardless, because counsel for ValveTech expressly waived "a separate breach of contract with regards to that matter" (Trial Tr. Day 9 (Nov. 17, 2023) at 188:13-18), there is no valid reason to revisit this untimely issue.

Similarly, ValveTech's discussion of the "Court's direction to identify all locations ValveTech's proprietary information is stored" (ECF No. 383-1 at 2) is at best incomplete. Consistent with the side-bar discussions during trial, following the conclusion of trial Aerojet

---

[1] During trial, ValveTech referenced deposition testimony given by Martin Bleck in February of 2021. (ECF 350 at 1-2.) ValveTech could have raised that issue years ago but chose to wait until trial to present its allegation. The years-long delay confirms that preliminary injunctive relief is unnecessary.

6

Rocketdyne searched for copies of the 340 check-marked files to confirm that no employees should have access to any of the materials subject to the existing Protective Order.

### B. ValveTech's Untimely Motion Effectively Moots the Relief Requested

In these final stages of this lengthy litigation, ValveTech submitted an untimely post-judgment motion for a preliminary injunction. (ECF No. 383.) While this motion was still pending, ValveTech submitted a motion for a permanent injunction. (ECF No. 387.) This duplicative procedure is wasteful of the parties' and the Court's resources. ValveTech could have submitted its motion for permanent relief at any time after the verdict, but instead chose to delay that filing and present an additional "preliminary" motion. The motion's untimely submission more than six years after filing suit favors rejecting ValveTech's request. *Citibank N.A. v. Citytrust*, 756 F.2d 273, 276 (2d Cir. 1985) ("Preliminary injunctions are generally granted under the theory that there is an urgent need for speedy action to protect the plaintiffs' rights. Delay in seeking enforcement of those rights, however, tends to indicate at least a reduced need for such drastic, speedy action.").

Moreover, the Court subsequently set a briefing schedule under which this opposition is due on January 2, 2024, and ValveTech's reply (if any) will be due on January 16, 2024. (ECF No. 385.) Under that schedule, briefing of ValveTech's request for preliminary relief will necessarily overlap with its request for permanent relief. No reasoned view of the rules of civil procedure supports this course. Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts . . . [which] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.") (emphasis added).

In addition, if the Court agrees to ValveTech's request for preliminary relief, Aerojet Rocketdyne would have an immediate right to interlocutory appellate review. *See* 28 U.S.C.A.

7

§ 1292(a)(1); *Petrello v. White*, 533 F.3d 110, 114 (2d Cir. 2008). Thus, to the extent that ValveTech's unconventional motion is successful, this Court could be called upon to consider permanent injunctive relief at the same time the Second Circuit will be called upon to consider whether preliminary relief was improvidently granted. Second Circuit law, however, precludes the grant of additional relief while an interlocutory appeal is pending. *See Int'l Ass'n of Machinists and Aerospace Workers, AFL-CIO v. E. Air Lines, Inc.*, 847 F.2d 1014, 1018 (2d Cir. 1988) (explaining that jurisdiction passes to the appellate court during interlocutory appeal, requiring the district court to do no more than preserve the *status quo*). ValveTech's request for preliminary relief, even if granted, therefore, would only provide unnecessary complication. And because the grant or denial of a preliminary injunction is a matter within the Court's discretion, *see Winter*, 555 U.S. at 24, the wasteful nature of ValveTech's motion is sufficient grounds for denial.

### C. The Relief Requested Cannot Be Reconciled with the Underlying Nature of ValveTech's Claims

The fundamental premise of ValveTech's motion is that an injunction is necessary "so that the parties may begin a process of Aerojet <u>returning</u> ValveTech's information." (ECF No. 383-1 at 1 (emphasis added).) No such "return" obligation exists under the two non-disclosure agreements. Instead, the contracts provided two alternatives – to return <u>or</u> destroy (*i.e.*, delete).

> (c) Control - All Proprietary Information furnished hereunder (including copies or abstracts thereof) shall remain the property of the disclosing Party, and shall be returned to it or promptly destroyed by the receiving Party at the disclosing Party's request, except that the receiving Party may keep one copy in the files of its Internal Legal Department (or, if the receiving Party has no such department staffed by one or more attorneys, in the files of its outside attorneys) to be used solely for purposes of documenting compliance with the terms of this Agreement.

> (c) Control - All Proprietary Information furnished hereunder (including copies, abstracts, or derivatives thereof) shall remain the property of the disclosing Party, and shall be returned to it or promptly destroyed by the receiving Party at the disclosing Party's request, except that the receiving Party may keep one copy in the files of its internal Legal Department (or, if the receiving Party has no such department staffed by one or more attorneys, in the files of its outside attorneys) to be used solely for purposes of documenting compliance with the terms of this Agreement.

Trial Ex. 429 at 2, Trial Ex. 434 at 3. The specific performance that ValveTech suggests it will

8

seek (*i.e.*, return), therefore, is not required under the express contractual language. *See* Trial Tr. Day 10 (jury instructions) at 132:22-133:2. The nature of relief should relate to the contractual language relied upon. *See Nemer Jeep-Eagle, Inc. v. Jeep-Eagle Sales Corp.*, 992 F.2d 430, 434 (2d Cir. 1993) (explaining that "[i]n granting the injunction, we relied on the contract language and applied the equitable test for specific performance") (emphasis added). ValveTech's request, therefore, should be rejected as inconsistent with the legal basis of its claims.

Importantly, ValveTech does not explain how the return of information would provide any material benefit in contrast to destruction (*i.e.*, deletion). The basic premise of ValveTech's contract claim is that ValveTech disclosed information to Aerojet Rocketdyne that was protected by either the 2011 or 2017 non-disclosure agreement. Unless ValveTech has lost access to information that it provided to Aerojet Rocketdyne (which ValveTech has neither alleged nor established), there is no reason to order that a copy be returned. *See Reis, Inc. v. Spring11 LLC*, No. 15 CIV. 2836 (PGG), 2016 WL 5390896, at *10 (S.D.N.Y. Sept. 26, 2016); *Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp, LLC*, 813 F. Supp. 2d 489, 536 (S.D.N.Y. 2011). On this point, ValveTech speculates that Aerojet Rocketdyne might "modify, move, or delete" evidence. Nowhere, however, does ValveTech explain how any of those activities would cause harm, let alone "irreparable harm," which "is the single most important prerequisite for the issuance of a preliminary injunction." *Faiveley*, 559 F.3d at 118 (emphasis added). In this context, the reference to the potential for deletion is the most striking, as that is one of the two alternatives stated in the above-reproduced "Control" clauses. Moreover, the Protective Order expressly requires that "[i]f Rocketdyne becomes aware in the future of any additional copies of the identified materials within its or its employees' possession, Rocketdyne will instruct that those copies be deleted or destroyed, as well." (ECF No. 19-1 at §8.1(7).) There can be no fair argument

9

that ValveTech would be irreparably harmed by deletion, and therefore, the requested relief is improper. And, even as to modification or movement, ValveTech was required to establish how those activities could cause irreparable harm, and also explain why that possible "injury . . . is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." *Schneiderman*, 787 F.3d at 660 (internal quotation marks omitted). Because ValveTech failed to address (let alone meet) the proper standard, the Court should summarily reject its motion.

>   **D.  The Jury's Award of Compensatory Damages Obviates ValveTech's Request for Additional Equitable Relief**

"A preliminary injunction <u>is an extraordinary remedy never awarded as of right</u>." *Winter*, 555 U.S. at 24 (emphasis added). To obtain such an extraordinary remedy, a plaintiff must establish that a monetary award is insufficient. *Faiveley*, 559 F.3d at 118. Nowhere in its motion did ValveTech address the sufficiency of the jury's monetary award. Tellingly, ValveTech's president Erin Faville Mullally was quoted as being "very pleased by the verdict." https://www.law360.com /articles/1770794; *see also* https://www.facebook.com/thrustercontrol/. And ValveTech's lawyers at Perkins Coie have similarly issued a public statement supportive of the result. https://www.perkinscoie.com/en/news-insights/perkins-coie-lawyers-secure-new-york-federal-court-win-for-valvetech-inc-in-nda-breach-case-tied-to-starliner-spacecraft.html.
ValveTech's demand for additional equitable relief should be considered in view of the public statements regarding the adequacy of the jury's verdict.

In addition, the $850,000 jury award (on which ValveTech memorandum is silent) is incompatible with its motion. Under the theory presented by its expert Justin Blok, ValveTech's contractual "lost profits" (also referred to as "compensatory damages" during trial) encompasses valves for flights to occur in the future. (Trial Tr. Day 7 (Nov. 15, 2023) at 23:9-22.) Having

obtained an award encompassing allegedly harmful post-trial conduct (sales of valves for future missions), ValveTech should not be permitted to seek further relief. *Faiveley*, 559 F.3d at 118.

Moreover, at no time during trial did ValveTech suggest that money damages were insufficient or not quantifiable. *Gazzola v. Hochul,* 645 F. Supp. 3d 37, 56 (N.D.N.Y. 2022), *aff'd*, No. 22-3068-CV, 2023 WL 8494188 (2d Cir. Dec. 8, 2023) (citing cases for the proposition that the availability of money damages is inconsistent with irreparable harm); *Westchester Fire Ins. Co. v. DeNovo Constructors, Inc*., 177 F. Supp. 3d 810, 812 (S.D.N.Y. 2016) ("As a general rule, 'irreparable harm exists only where there is a threatened imminent loss that will be very difficult to quantify at trial.'"). ValveTech has not establish the right to or need for injunctive relief, and therefore, its request should be rejected.

### E. ValveTech's Proposed Injunctive Order Is Procedurally Flawed

To the extent the Court finds that the above-identified substantive defects in ValveTech's request are insufficient to bar relief, rejection would still be proper based on the procedural defects in its proposed order. *Sanders*, 473 F.2d at 247. The proposed order states, in relevant part: "Defendant shall comply with the terms of the Written Notice of Legal Hold attached as Exhibit A to ValveTech's Motion until all outstanding issues in this matter are decided, including ValveTech's request for permanent equitable relief." (ECF No. 383-5.) Exhibit A (*i.e.*, the "Written Notice of Legal Hold"[2]), in turn, provides a "non-exclusive list of documents and/or electronically stored information that must be preserved." (ECF No. 383-3 at 3 (emphasis added).) The five expansive categories included in Exhibit A are: "[1] All documents relating to and/or

---

[2] Although Aerojet Rocketdyne issued a litigation hold on November 9, 2017, at the outset of this litigation (over which it maintains privilege), that litigation hold was largely mooted by the subsequent Protective Order, which expressly called for the deletion of the "check-marked" materials. (ECF No. 19-1 at §8.) As explained above, what ValveTech seeks now conflicts with the agreed-upon conditions under which the litigation has been conducted.

11

identified in the Stipulation and Protective Order executed by the Hon. Frank P. Geraci, Jr. on December 13, 2017; [2] All documents that relate in any way to the Allegations set forth in the Lawsuit; [3] All ValveTech documents that Aerojet witnesses testified under oath they still were able to access; [4] All documents and document repositories referenced in ValveTech's filing to the Court on its replevin claim . . .; and [5] All documents filed under seal in support of any filing in this action." (ECF No. 383-3 at 3.)

Under the Federal Rules "[e]very order granting an injunction and every restraining order must: (A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1), *see also Corning*, 365 at 158. ValveTech's one-page proposed order (ECF No. 383-5) fails all three requirements.

First, ValveTech's proposed order fails to set forth the reasons for the injunction. *Sole v. Wyner*, 551 U.S. 74, 85 (2007) (explaining that Rule 65(d) "requires every injunction to 'set forth the reasons for its issuance'"). As discussed above, Aerojet Rocketdyne has complied with the Protective Order as entered at the outset of the litigation. ValveTech has not alleged that the Protective Order is insufficient or that Aerojet Rocketdyne failed to comply with its term. Therefore, ValveTech has not set forth a valid reason to issue a post-trial preliminary injunction.

Second, the Second Circuit has held that failure to specify the material subject to a preliminary injunction conflicts with Rule 65(d)'s "specificity requirement." *Corning*, 365 F.3d at 158 (applying the specificity requirement in the context of trade secret and copyright law); *see also Sole*, 551 U.S. at 85 (citing *Schmidt*, 414 U.S. at 476, for the proposition that "Rule 65(d) 'was designed to prevent uncertainty and confusion on the part of those faced with injunctive orders.'"). Here, ValveTech's proposed order provides no such identification.

And third, the proposed order does not identify within its "four corners . . . precisely what acts are forbidden." *Sanders*, 473 F.2d at 247. Instead, ValveTech requests that the Court incorporate Exhibit A (ECF No. 383-3) by reference into the order. (ECF No. 383-5.) This again conflicts with the express language of Rule 65(d), which bars incorporation by reference. Fed. R. Civ. P. 65(d) (precluding "referring to the complaint or other document").

In summary, the procedural defects in ValveTech's proposed order warrant denial.

### F. Any Grant of Injunctive Relief Must Be Tethered to the Two Claims on which ValveTech Prevailed at Trial

As will be addressed more fully during briefing on ValveTech's request for a permanent injunction (ECF No. 387), to the extent that the Court deems the jury's monetary award to be an insufficient remedy, any additional equitable relief must be tied to the two narrow claims on which ValveTech prevailed. The contours of those claims were set forth by the Court in the jury instructions, to which ValveTech did not object. In particular, the Court defined the scope of the contract claims both substantively and temporally:

- "The 2011 [and 2017] Non-Disclosure agreement[s do] not limit Aerojet's disclosure, use or retention of any information provided by ValveTech to Aerojet <u>unless that information constitutes proprietary information</u>" (Trial Tr. Day 10 at 133:20-24, 143:17-21);

- the "proprietary information" encompasses only the "six items" relied upon by ValveTech for purposes of its trade secret claim (*id.* at 134:7-9, 144:4-6);

- the "proprietary information" must have been properly designated at the time of disclosure (*id.* at 135:8-18, 145:5-16);

- the "proprietary information" does not include an enumerated list of categories, including information that was known by Aerojet Rocketdyne

13

prior to receipt (*id.* at 135:19-136:9, 145:16-146:6); and

- the 2011 NDA does not include information disclosed for the first time after August 31, 2016 (*id.* at 136:12-19).

Rather than limiting the proposed equitable relief to specified items of "proprietary information," ValveTech presents a vague and all-encompassing proposal untethered to its claims. Indeed, although the term "proprietary information" is the foundation for ValveTech's contract claims, that term is not included in any of the five expansive categories.

As to the first category (the list of "check-marked" documents), the request to preserve is in direct conflict with the Protective Order's requirement that any additional copies that are found must be deleted. Because ValveTech did not ask that the Court vacate the existing order, its current request is a nullity.

The second category is similarly improper, as it encompasses information related to claims on which ValveTech lost. (*See* ECF No. 383-3 at 3 (demanding retention of "[a]ll documents that relate in any way to the Allegations set forth in the Lawsuit") (emphasis added).) Here, ValveTech presented claims that were disposed of at the pleading stage (*e.g.*, unfair competition (*see* ECF No. 25 at 12)), at the summary judgment stage (*e.g.*, breach of purchase order 4410009820 (*see* ECF No. 209 at 17)), and at trial (*i.e.*, trade secret misappropriation (*see* ECF No. 376 at 3)). Despite the failure of those claims, ValveTech's proposal as written requires Aerojet Rocketdyne to preserve documents that "relate in any way" to the allegations underlying those failed claims.[3]

The third category – "[a]ll ValveTech documents that Aerojet witnesses testified under oath they still were able to access" (ECF No. 383-3 at 3 (emphasis added)) – is both vague and

---

[3] As written, this very document, which counsel sent to Aerojet Rocketdyne for review, would fall within the scope of ValveTech's request, such that Aerojet Rocketdyne in-house counsel for would be precluded proposing changes (*i.e.*, modifying the document as received).

14

impossibly broad. As the Court should recall, during trial ValveTech took the untenable position that Aerojet Rocketdyne must delete copies of the invoices by which it purchased valves (despite conceding that those invoices lacked proprietary markings). (Trial Tr. Day 4 (Nov. 9, 2012) at 149:25-150:14.) Indeed, this category would seemingly include any file, email, invoice, or presentation that ValveTech ever provided to Aerojet Rocketdyne, without regard to whether it could colorably be deemed "proprietary information" under the relevant contracts.

Fourth, ValveTech also asks to the Court to order Aerojet Rocketdyne to preserve "[a]ll documents and document repositories referenced in ValveTech's filing to the Court on its replevin claim." *Id.* (emphasis added). What ValveTech seeks is to effectively lock down entire "document repositories" that Aerojet Rocketdyne maintains and uses in the conduct of its business, regardless of whether those repositories include or are limited solely to the class of documents identified by ValveTech. ValveTech has expressed no legitimate interest in that scope of relief, which has no relationship with the narrow claims upon which it prevailed at trial.

Finally, ValveTech requests preservation of "[a]ll documents filed under seal in support of any filing in this action." (ECF No. 383-3 at 3.) Because some of those documents were filed by Aerojet Rocketdyne and included Aerojet Rocketdyne's information, ValveTech's request to impose restrictions is improper. Again, by failing to colorably tie this request to the specific narrow claims that survived trial, denial is warranted.

## IV.     CONCLUSION

For the foregoing reasons, the Court should reject ValveTech's request for a preliminary injunction.

| | |
|---|---|
| Date: January 2, 2024 | By: /s/ Michael B. Eisenberg<br>Michael B. Eisenberg<br>STEVENS & LEE<br>485 Madison Ave, 20th Floor<br>New York, NY 10022<br>Telephone: (646) 254-6381<br>Email: michael.eisenberg@stevenslee.com<br>Attorney for Aerojet Rocketdyne, Inc |